**John W. HORD, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 13, 1970.

John W. Hord, pro se.

John B. Breckinridge, Atty. Gen., Joseph L. Famularo, Asst. Atty. Gen., Frankfort, for appellee.

EDWARD P. HILL, Jr., Chief Justice.

The question on this appeal from a judgment denying appellant's RCr 11.42 motion to modify the punishment imposed in an order revoking probation is whether the trial court may impose a greater punishment in its order revoking probation than was fixed in the original judgment of conviction.

Appellant was arraigned May 6, 1968, on a charge of breaking and entering a storehouse, at which time he entered a plea of guilty. The court, on this date, entered judgment finding him guilty as charged and fixed his punishment at one year in prison. On June 15, 1968, appellant was placed on probation. On January 6, 1969, the trial court entered an order finding that appellant had violated the conditions of his probation, revoked it and fixed his punishment at two years in prison.

Clearly the trial court had the power to revoke appellant's probation, but its authority to increase the punishment once it has been fixed by judgment, and that judgment becomes final, presents another more complex problem. By KRS 439.300(1), the procedure for revocation of probation is outlined in this language:

> "* * * Thereupon, or upon arrest by warrant as herein provided, the court shall cause the defendant to be brought before it and may continue or revoke the probation, and may cause the sentence imposed to be executed, *or may impose any sentence which might have been imposed at the time of conviction.*" (Our emphasis.)

Under a literal interpretation of the above statute it may be said that the circuit judge may increase the punishment on revocation of probation, and by some reasoning perhaps it would be well that he have that power. However, such power at first blush is repugnant to the spirit, if not the letter, of the Federal and State Constitutions on former jeopardy, speedy trials, and due process.

When appellant entered a plea of guilty and waived trial by jury he was entitled to a speedy trial and final determination of his fate. Sections 11 and 14 of the Constitution of Kentucky. If he was tried and judgment entered fixing his punishment at one year, he has been once placed in jeopardy for the offense charged. He cannot be again placed in jeopardy for the same offense. Constitution of Kentucky, § 13.

Due process of law (Constitution of the United States, Amend. 14, § 1 and Constitution of Kentucky, § 14) must be followed to insure a valid conviction of his felonious charge. Due process does not

contemplate that months or years later his "trial" may be opened and a greater punishment imposed. See also North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656.

Judgments in criminal cases, as in civil cases, must by necessity have some finality. The reasons therefor are obvious without detailing them here. By CR 59.04 judgments in civil cases become final ten days after properly signed by the judge. By RCr 13.04 of the Criminal Rules, the Civil Rules apply to criminal cases.

The judgment dismissing and overruling appellant's motion for the correction of the order of January 6, 1969, imposing a two-year sentence on appellant is reversed with directions to set it aside and reinstate the judgment of May 6, 1968.

So far as we know, appellant has been in prison since January 6, 1969—over one year. Consequently the mandate shall issue immediately.

MILLIKEN, NEIKIRK, PALMORE, STEINFELD, and REED, JJ., concur.

OSBORNE, J., not sitting.