David Thomas WILSON, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Court of Appeals of Kentucky.

Feb. 9, 1979.

James M. Crawford, Berry, Floyd & Highfield, Carrollton, for appellant.

Robert F. Stephens, Atty. Gen., Elizabeth E. Blackford, Asst. Atty. Gen., Frankfort, for appellee.

Before WHITE, GANT and WINTER-SHEIMER, JJ.

WHITE, Judge.

This appeal contests the validity of a trial court order revoking probation and fixing punishment when no original judgment or sentence had been imposed and only a probation order had been entered, which failed to recite the term of probation.

Appellant, David Thomas Wilson, entered a plea of guilty on March 8, 1978, to Indictment # 77–18, charging him with theft by unlawful taking. The only order entered on this plea was a conditional order of probation which set no time period. The transcript of this proceeding reveals that the trial court mentioned a five-year proba-

tionary period, and appellant testified at a June 1, 1978 hearing that he understood the probationary period to be a term of five years.

On June 1, 1978, appellant again appeared before this same trial court and entered guilty pleas to Indictments # 78–CR–046 and # 78–CR–047, charging him with third degree burglary. The trial court found the appellant guilty on both charges and sentenced him to two years confinement in the reformatory on each charge, with sentences to run concurrently. The Carroll County Probation Officer then made a motion that appellant's probation on Indictment # 77–18 be revoked.

Appellant's counsel objected, by written and oral notice, to this revocation on various grounds, which comprise this appeal. The trial court overruled the motions and entered an order revoking probation. In addition, the trial court ordered a nunc pro tunc order be entered finding appellant guilty of the charge in Indictment # 77–18 and listing the probationary term to be five years.

Appellant alleges the trial court's orders were improper on three grounds:

(1) the trial court exceeded its statutory authority;

(2) the trial court lacked jurisdiction to revoke probation and fix punishment because of the delay in entering a written judgment of conviction; and

(3) the trial court violated the constitutional provisions of double jeopardy, speedy trial and due process.

A plea of guilty, if knowingly made, is equivalent to a conviction. *Kotas v. Commonwealth,* Ky., 565 S.W.2d 445, 447 (1978), citing *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Appellant contends that once a plea is entered, the Kentucky Penal Code [specifically KRS 532.030(3) and KRS 533.020(1)], requires punishment to be fixed speedily after conviction and before probation is considered.

The two relevant provisions follow.

KRS 532.030(3) states:

When a person is convicted of an offense other than a capital offense or Class A felony, he shall have his punishment fixed at:

(a) A term of imprisonment authorized by this chapter; or

(b) A fine authorized by KRS chapter 534; or

(c) Both imprisonment and a fine unless precluded by the provisions of KRS chapter 534.

KRS 533.020(1) provides:

When a person who has been convicted of an offense or who has entered a plea of guilty to an offense is not sentenced to imprisonment, the court shall place him on probation if he is in need of the supervision, guidance, assistance or direction that the probation service can provide. Conditions of probation shall be imposed as provided in KRS 533.030, but the court may modify or enlarge the conditions or, if the defendant commits an additional offense or violates a condition, revoke the sentence at any time prior to the expiration or termination of the period of probation.

■ Appellant argues that these statutes place a duty on the trial court to make a determination of punishment or sentence within a reasonable time after the guilty plea is accepted, and then consider probation. Absent these determinations, later proceedings which attempt to revoke probation and impose punishment are invalid. We agree.

■ It is quite apparent from the record that the trial court recognized the error in this case when it entered a nunc pro tunc order some three months later attempting to correct such error. We feel a nunc pro tunc order is not the proper remedy for correcting an error of this nature. The order may be used to make the record speak the truth, but not to make it speak what it did not speak but ought to have spoken. *Benton v. King,* 199 Ky. 307, 250 S.W. 1002 (1923).

■ Having concluded that the Carroll Circuit Court's procedure was improper, we face the question of whether the court can now impose sentence after revocation of probation. RCr 11.02(1) provides ". . . [the] sentence shall be imposed without unreasonable delay." If a delay is unreasonable, a court may lose jurisdiction to impose sentence. *Green v. Commonwealth,* Ky., 400 S.W.2d 206 (1966). We conclude that any delay in the fixing of penalty which permits the intervention of subsequent circumstances that may change the outcome or give rise to suspicion as to the severity of penalty imposed at such later time is an unreasonable delay under RCr 11.02(1). In such instances the benefits of a nunc pro tunc order do not attach. The protection afforded by RCr 11.02 is not only a guarantee of the defendant's right to a speedy trial, but also to preclude the additional weight of subsequent offenses being considered in adding to the penalty of the former offense. In light of the facts in this case, we feel there has been unreasonable delay.

For the foregoing reasons, the judgment is reversed.

All concur.