James PAYTON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 2, 1980.

Discretionary Review Denied Oct. 7, 1980.

Linda K. West, Asst. Public Advocate, Jack Emory Farley, Public Advocate, Frankfort, for appellant.

Willie E. Peale, Asst. Atty. Gen., Steven L. Beshear, Atty. Gen., Frankfort, for appellee.

Before BREETZ, WILHOIT and WINTERSHEIMER, JJ.

WILHOIT, Judge.

This is an appeal from an order of the Carroll Circuit Court denying the appellant's RCr 11.42 motion to vacate his three-and-one-half-year sentence for knowingly receiving stolen property. The appellant contends that because the sentence was imposed after an unreasonable delay, he is entitled to have it vacated under the authority of *Wilson v. Commonwealth*, Ky. App., 577 S.W.2d 618 (1979), and RCr 11.02.

On July 30, 1974, upon his plea of guilty, the appellant was found guilty of knowingly receiving stolen property. He then moved the trial court to postpone "the amount of sentence" and "rendition of sentence" and to place him on probation. Two days later, the court entered an order placing the appellant on probation for five years; however, no sentence was imposed. On March 5, 1975, again on a plea of guilty, the appellant was found guilty of breaking and entering a dwelling house for which he received a sentence of two years. At that time, his probation on the first offense was revoked, and a sentence of three-and-one-half-years was imposed. On April 19, 1977, the appellant was paroled, but the following November found him again in court where he was convicted by a jury of complicity in storehouse breaking and complicity in knowingly receiving stolen property. He was sentenced to three years' imprisonment for each of these offenses. On appeal to this Court these two convictions were affirmed. On July 20, 1979, the appellant filed the RCr 11.42 motion which is the subject of this appeal.

The appellant argues that as in *Wilson v. Commonwealth, supra,* the delay from July 30, 1974, to March 5, 1975, in imposing sentence upon him for knowingly receiving stolen property permitted the intervention of subsequent circumstances which may have changed the severity of the penalty imposed thereby rendering the delay unreasonable under RCr 11.02. We do not believe *Wilson* to be authority for the result the appellant would have us reach.

Delay in sentencing a defendant after conviction can in certain instances de-prive the court of jurisdiction over him, but the delay must be "unreasonable." *Green v. Commonwealth*, Ky., 400 S.W.2d 206 (1966). Where, as here, the delay in sentencing was occasioned by the affirmative request of the defendant and was not oppressive or a purposeful circumvention of the probation statutes, we believe no unreasonable delay so as to deprive the court of jurisdiction over the person of the defendant has occurred. Furthermore, the appellant failed to object to or question the court's jurisdiction to sentence him. By such failure he waived any objection to the court's jurisdiction over his person for the purpose of imposing a delayed sentence. *Singleton v. Commonwealth*, 306 Ky. 454, 208 S.W.2d 325 (1948); *Dilley v. Commonwealth*, 243 Ky. 464, 48 S.W.2d 1070 (1932).

The order of the trial court is affirmed.

All concur.