Bobby COLE, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Court of Appeals of Kentucky.

Aug. 8, 1980.

Discretionary Review Denied Jan. 8, 1981.

Jack Emory Farley, Public Advocate, Rodney McDaniel, Asst. Public Advocate, Frankfort, for appellant.

Steven L. Beshear, Atty. Gen., K. Gail Leeco, Asst. Atty. Gen., Frankfort, for appellee.

Before GANT, WHITE and WINTER-SHEIMER, JJ.

GANT, Judge.

Appellant entered a plea of guilty in the Clark Circuit Court to the charge of Criminal Possession of a Forged Instrument, a Class D felony. The court, on May 17, 1977, received this plea and advised the appellant that his sentence could be fixed at a period of one to five years and that the Commonwealth had recommended a sentence of one year. The recommendation was taken under advisement pending presentence report and sentencing was set for May 27, appellant filing a motion for probation. At that date, appellant was granted probation by the court through a "Final Judgment and Sentence of Probation." This document *sentenced* the appellant to a period of probation of three years and further provided that, upon violation of the specified conditions of probation, the sentence of probation may be revoked and set aside and the defendant "shall thereupon be re–sentenced ..." The final judgment and sentence of probation was signed and receipt acknowledged by both appellant and his attorney.

Appellant was subsequently tried and convicted of numerous charges in the Bourbon Circuit Court, receiving sentences totalling 25 years, clearly violating the terms of his probation. The probation was revoked on October 27, 1977, exactly five months after the original judgment, and a sentence of imprisonment for one year was imposed, to be served consecutively with the imprisonment set out by Bourbon Circuit Court.

Appellant bases this appeal on RCr 11.-02(1), requiring that sentence be imposed "without reasonable delay." He cites as his authority the case of *Wilson v. Commonwealth*, Ky.App., 577 S.W.2d 618 (1979), which case was decided by this panel.

RCr 11.02(1) provides, in pertinent part: "Sentence shall be imposed without unreasonable delay."

However, the statutes consistently and unfailingly treat the privilege of probation as a *sentence* of probation. KRS 532.040 states:

532.040 Probation and conditional discharge—

When a person is convicted of an offense, other than a capital offense, the court, where authorized by KRS Chapter 533, may *sentence* such person to a period of probation or to a period of conditional discharge as provided in that chapter. A *sentence* to probation or conditional discharge shall be deemed a tentative one to the extent that it may be altered or revoked in accordance with KRS chapter 533, but for purposes of appeal shall be deemed to be a final judgment of conviction. In any case where the court imposes a sentence of probation or conditional discharge, it may also impose a fine as authorized by KRS chapter 534.

KRS 533.010(1) reads:

533.010 Criteria for utilizing chapter—

(1) Any person who has been convicted of a crime and who has not been sentenced to death may be *sentenced* to probation or conditional discharge as provided in this chapter.

(2) Before imposition of a *sentence* of imprisonment the court shall consider the possibility of probation or conditional discharge. After due consideration of the nature and circumstances of the crime and the history, character and condition of the defendant, probation or conditional discharge should be granted unless the court is of the opinion that imprisonment is necessary for protection of the public because:

(a) There is substantial risk that during a period of probation or conditional discharge the defendant will commit another crime; or

(b) The defendant is in need of correctional treatment that can be provided most effectively by his commitment to a correctional institution; or

(c) A disposition under this chapter will unduly depreciate the seriousness of the defendant's crime.

It is the opinion of this Court that the "Final Judgment and Sentence of Probation" herein complies with the mandate of RCr 11.02(1). The statutes contemplate that a defendant for other than a capital offense or a Class A felony may have either (1) a sentence of imprisonment or (2) a sentence of probation or conditional discharge. Either is a sentence within the requirements of the rule. There is no reason that the accused have a prior imposition of a term of imprisonment and then a second "sentence of probation." *See Pollard v. United States*, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957).

This case is distinguishable from *Wilson, supra*, as in that case there was no final judgment and sentence of probation. There was merely an order reciting the probation, and that for an undetermined period. Any holding of *Wilson* in conflict herewith is specifically overruled.

The lower court properly denied the motion under RCr 11.42 to vacate the judgment resentencing the appellant to imprisonment for one year and is affirmed.

All concur.