**COMMONWEALTH of
Kentucky, Movant,**

v.

**James E. TIRYUNG, Respondent.**

Supreme Court of Kentucky.

May 1, 1986.

Bruce R. Hamilton, Commonwealth Atty., Sp. Asst. Atty. Gen., LaGrange, for movant.

G. Patrick Thompson, Brandenburg, for respondent.

LEIBSON, Justice.

The issue in this case involves the interplay between KRS 532.030, styled "Authorized dispositions—generally," and KRS 532.040, styled "Probation and conditional discharge."

Pursuant to a negotiated plea agreement between the Commonwealth and the respondent, the respondent plead guilty and was convicted of reduced charges of Wanton Endangerment I, Wanton Endangerment II (reduced from Wanton Endangerment I), and Receiving Stolen Property Under $100 (reduced from Receiving Stolen Property Over $100). The written recommendation of the prosecutor on the plea of guilty agreement, which specified that it was "not binding upon the court," was a sentence of one year on the first charge (the minimum sentence), and a sentence of twelve months on each of the remaining two charges which had been reduced to misdemeanors.

The difficulty in this case arises because the trial court did not impose a sentence of imprisonment or fine upon conviction as directed by KRS 532.030. KRS 532.030 specifies that "when a person is convicted ... he *shall have* his punishment fixed" (emphasis added) as appropriate for the class of offense for which he has been convicted. But in this case, without first fixing a sentence of imprisonment, the trial court imposed only a sentence of probation, as provided for by KRS 532.040. Under these circumstances, when the respondent later violated the terms of his probation there was no underlying sentence of im-

prisonment triggered by the revocation of probation. Thereupon, over ten months after the Order of Probation was entered, the trial court imposed a one-year sentence of imprisonment, which was the minimum sentence for Wanton Endangerment I as a Class D felony and which was in conformity with the plea agreement.

Tiryung appealed, claiming that the trial court's failure to impose a sentence of imprisonment initially, either before or in conjunction with its Order of Probation, was fatally defective. Tiryung asserts that, although KRS 532.040 permits the court to "sentence [the offender] to a period of probation," such a sentence is meaningless unless the court first imposes a sentence as required by KRS 532.030. Tiryung maintains that without an underlying sentence of imprisonment to become effective in the event probation is revoked, the court has lost jurisdiction to sentence him later, after the terms of probation were violated.

The question is how to read KRS 532.030 and KRS 532.040 when juxtaposed. Was the trial court required to impose a sentence of imprisonment before or in connection with imposing its Order of Probation? What is the effect of violation and revocation of probation if there is no underlying sentence? When the trial court postpones the imposition of sentence until after violation and revocation of probation, what is the effect of RCr 11.02(1) which requires that "[s]entence shall be imposed without unreasonable delay"?

The Court of Appeals considered this matter sufficiently important to decide it "En Banc." With one judge dissenting, the Court of Appeals held that "the delay in sentencing [Tiryung] until after his probation revocation hearing was unreasonable and that the court had lost jurisdiction to impose a sentence." The Court of Appeals ordered the sentence vacated. The Commonwealth asked us to take discretionary review and we accepted.

The Court of Appeals' Opinion is a well-reasoned analysis of the way in which these two sentencing statutes are intended to operate under the present statutory

scheme. The language of KRS 532.030 is mandatory. Upon conviction a person "shall have his punishment fixed" at death, imprisonment or fine, as may be appropriate depending on the offense committed. On the other hand, KRS 532.040 is permissive. It permits a court to "sentence such person to a period of probation or to a period of conditional discharge as provided" by KRS Chapter 533. It further provides that "[a] sentence to probation or conditional discharge shall be deemed a tentative one to the extent that it may be altered or revoked in accordance with KRS Chapter 533...."

■ The Court of Appeals concluded, and we agree, that probation standing alone does not function as a sentence because it provides no authorized penalty, quoting from an opinion of the Missouri Supreme Court in *McCulley v. State*, 486 S.W.2d 419, 423 (Mo.1972), as follows:

"Probation is not a sentence nor could the conditions of probation be a sentence. By way of example, a court, upon finding that defendant was guilty of stealing over $50, could not lawfully 'sentence' a defendant to 'not violating any law' or to 'not frequenting places where intoxicating liquor is sold' because neither is permissible punishment under the statutes setting out what the punishment for the crime shall be. The court could, however, make the above-noted items conditions of probation, as is frequently done. When the conditions of probation are violated, it then becomes a matter of discretion on the trial court's part to decide whether or not to revoke the probation. One consequence of the revocation of probation can be a court's order that the sentence previously imposed be executed."

The Commonwealth claims that KRS 532.030 and KRS 532.040 are alternative sentences, thus giving the trial court an option whether to first provide a punishment for the crime and then supplement with an order of probation, or to provide only an order of probation and postpone

further sentencing until a violation of the terms of probation occurs.

■ We agree with the Court of Appeals that these statutes should be read together as complimentary to each other rather than as alternatives. The statutory scheme requires imposition of a sentence of imprisonment or fine upon conviction, as appropriate for the offense committed, which must be rendered without unreasonable delay and before sentencing to probation. This eliminates the possibility that the convicted defendant will receive a greater punishment for the offense committed than is deserved because of subsequent conduct violating parole.

■ In its opinion in the present case the Court of Appeals overruled its earlier decision in *Cole v. Commonwealth*, Ky.App., 609 S.W.2d 371 (1980), which had, in turn, overruled an earlier decision of the Court of Appeals in *Wilson v. Commonwealth*, Ky.App., 577 S.W.2d 618 (1979). Thus, *Wilson* was reinstated as controlling authority. In *Wilson*, the Court of Appeals held that conditions of probation are not a "sentence" in the sense of a penalty provided by statute and are not a substitute for the sentence required by KRS 532.030. *Wilson* held that the statutory penalty required by KRS 532.030 should be rendered at the sentencing hearing following conviction, whether or not a sentence (or order) of probation will also be rendered. *Wilson* states that "any delay in the fixing of penalty which permits the intervention of subsequent circumstances that may change the outcome or give rise to suspicion as to the severity of penalty imposed at such later time" is fatal. *Wilson, supra* at 620. We agree that such "delay" is error, but do not agree that it is necessarily fatal. It does not automatically divest the trial court of sentencing power regardless of other circumstances. Whether the delay in fixing a penalty is reversible error, absent objection, depends on whether there are circumstances giving rise to an inference of prejudice. The procedure followed is not an empty technicality providing a window

for escape from punishment in the absence of prejudice.

The Court of Appeals' opinion in the present case cites to the language of an earlier opinion of our court, *Hord v. Commonwealth*, Ky., 450 S.W.2d 530 (1970). *Hord* was decided under previous statutory authority, since repealed, permitting the trial court upon revocation of probation to "impose any sentence which might have been imposed at the time of conviction." In *Hord* we held this sentencing procedure did not permit the trial court to increase the punishment on revocation of probation beyond the term of imprisonment initially imposed, because to do so is "repugnant to the spirit, if not the letter, of the Federal and State Constitutions on former jeopardy, speedy trials, and due process." In *Hord*, we stated:

"When appellant entered a plea of guilty and waived trial by jury he was entitled to a speedy trial and final determination of his fate." 450 S.W.2d at 531.

Whether an order of probation is considered only as an order tentatively suspending the underlying punishment or whether it is considered as a sentence in addition to the underlying sentence makes no substantive difference. Either way it is inappropriate as an alternative in lieu of the mandatory sentence required by KRS 532.040. The reason is obvious. To hold otherwise openly invites the trial court to impose a punishment greater than that appropriate for the initial offense because of the subsequent offense which precipitates the revocation of probation. Although the offense which constitutes violation of probation and grounds for revocation may be a new criminal offense calling for punishment in its own right, it is not grounds for providing a greater punishment for the original offense which was probated. The new offense should be separately punished. The trial court is precluded from adding the "weight of subsequent offenses ... to the penalty of the former offense." *Wilson v. Commonwealth, supra*, 577 S.W.2d at 620.

Although we agree with the Court of Appeals that Tiryung had the right to have his sentence imposed before the order of probation, we disagree with its further conclusion that by failing to do so the trial court "lost jurisdiction to impose a sentence." Certainly not every statutory mandate is jurisdictional. There is nothing in the language of the statutes involved specifying that failure to impose a sentence of imprisonment before imposing a sentence of probation divests the trial court of subsequent jurisdiction to follow the mandate of KRS 532.030. If the trial court lacked the authority to sentence Tiryung upon revocation of probation, the divestment of its authority must follow from some proposition other than an illusory jurisdictional requirement. This conclusion is recognized *sub limine* by the respondent because he bases his right to dismissal upon the requirement in RCr 11.02(1) that a sentence be imposed without unreasonable delay. The respondent could rightfully rely upon this requirement of the Criminal Rules if he had preserved the error by objecting to the delay in imposition of sentence and had been overruled. He could also rely on this requirement even without such objection if he could show some manifest injustice, such as a stiffer penalty on the original charge which had resulted from the delay in sentencing. This Court will act to correct an error where such "manifest injustice" is shown even though no objection has been made. RCr 10.26.

■ None of these circumstances exists which would call for vacating the judgment in the present case. Upon revocation the trial court imposed the one-year sentence previously agreed upon between the Commonwealth and the respondent in the negotiated plea agreement, even though the Class D offense to which the respondent plead guilty carries a punishment range of one to five years imprisonment. There is nothing in the record to suggest any additional punishment was provided because of a subsequent offense. On the contrary, we are presented with a defendant who failed to object when the court postponed fixing his sentence in order to grant him proba-

tion and, who now, having violated probation, seeks to profit from having failed to object.

We consider the right to a speedy sentence under RCr 11.02 as similar to the right to a speedy trial. Absent some manifest injustice, the right to complain about the denial of such right is contingent upon having demanded its exercise in the first place. The defendant, content to sit back and wait without complaint, has lost the right to complain after the fact absent circumstances showing he was prejudiced by the delay in sentencing.

Therefore, although we basically agree with the Court of Appeals' construction of the two statutes in issue, KRS 532.030 and KRS 532.040, we disagree with its decision to vacate the sentence. The decision of the Court of Appeals on this point is reversed.

Tiryung asserted two other grounds of error in his original appeal to the Court of Appeals. These issues have not yet been given appellate review. The Court of Appeals did not review them because its decision to vacate the sentence as unlawfully imposed rendered these remaining issues "moot."

Therefore, having reversed the Court of Appeals on its decision that the trial court had lost jurisdiction to impose a sentence, we now remand this case back to the Court of Appeals for further consideration on the remaining issues.

STEPHENS, C.J., and GANT, STEPHENSON, VANCE and WINTERSHEIMER, JJ., concur.

WHITE, J., not sitting.