**Stella Marie COLLINS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 97–SC–356–MR.**

Supreme Court of Kentucky.

May 21, 1998.

Rehearing Denied Sept. 3, 1998.

Larry H. Marshall, Assistant Public Advocate, Frankfort, for Appellant.

A.B. Chandler, III, Attorney General, Janet M. Graham, Assistant Attorney General, Frankfort, for Appellee.

JOHNSTONE, Justice.

Stella Marie Collins raises a single issue in this appeal: whether an appeal by the Commonwealth of a defendant's sentence in a criminal case is barred by double jeopardy principles. We conclude that it is not and affirm Collins's sentence.

In February of 1995, a jury of her peers found Collins guilty of intentional murder and first-degree criminal abuse. The trial court then offered Collins sentences in the minimum range for both offenses if Collins would agree to waive her right to jury sentencing. The Commonwealth objected to this, but was overruled by the trial court. Not surprisingly, Collins accepted the deal and was sentenced to twenty-one years on the murder charge and seven years for the criminal abuse charge, to be served concurrently. Subsequently, Collins appealed her conviction on both offenses. The Commonwealth appealed the trial court's "deal" with Collins to waive a jury trial on sentencing. The cases were combined and heard together. This Court in *Commonwealth v. Collins*, Ky., 933 S.W.2d 811 (1996), affirmed her convictions in the guilt/innocence phase of her trial. However, relying on *Commonwealth v. Johnson*, Ky., 910 S.W.2d 229, 231 (1995), the *Collins* Court held that the Commonwealth was entitled to have a jury determine her punishment and remanded the case to the trial court "for resentencing consistent with this opinion." *Id.* at 819.

Upon remand, the trial court scheduled a jury hearing to resentence Collins. Collins objected to the resentencing hearing on double jeopardy grounds, and the trial court overruled the objection. At the conclusion of a three-day jury trial held on the question of punishment, Collins was sentenced to life on the murder conviction and ten years on the criminal abuse conviction. Collins appeals to this Court as a matter of right.

To fully understand Collins's argument, we briefly review the case law upon which her argument is based.

In *United States v. DiFrancesco,* 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980), the United States Supreme Court held that an appeal by the federal government from a defendant's sentence was not constitutionally barred, where the government's appeal was made pursuant to express statutory authority. *Id.* at 143, 101 S.Ct. at 440.

In *Pennsylvania v. Goldhammer,* 474 U.S. 28, 106 S.Ct. 353, 88 L.Ed.2d 183 (1985), the defendant was convicted of 56 counts of forgery and 56 counts of theft. *Id.* at 29, 106 S.Ct. at 353. The trial court sentenced the defendant to a term of imprisonment on one theft count, a term of probation on one forgery count, and suspended the sentences on the remaining counts. *Id.* On appeal, the Pennsylvania Supreme Court held that the theft count on which the defendant had been sentenced was barred by the applicable statute of limitations, and denied, on double jeopardy grounds, the State's request that the case be remanded for sentencing on the non-barred theft counts. *Id.*

The *Goldhammer* Court found that the holding of the Pennsylvania Supreme Court was inconsistent with *DiFrancesco.* *Id.* Rather than summarily reversing the Pennsylvania Supreme Court, the United States Supreme Court remanded the case for further consideration in light of *DiFrancesco* to consider "whether the Pennsylvania laws in effect at the time [Goldhammer was sentenced] allowed the State to obtain review of the sentences on the counts for which the sentence had been suspended." *Id.* at 30–31, 106 S .Ct. at 354. Important to the *Goldhammer* Court's holding was that, in *"DiFrancesco,* a federal statute clearly allowed the appellate review of the sentences at issue. The [*DiFrancesco* ] Court noted that, in light of that statute, the defendant could not claim any expectation of finality in his original sentencing." *Id.* at 30, 106 S.Ct. at 354.

Writing for the dissent in *Jones v. Thomas,* 491 U.S. 376, 109 S.Ct. 2522, 105 L.Ed.2d 322 (1989), Justice Scalia stated, "It is clear from *DiFrancesco* and *Goldhammer* that when a sentence is increased in a second proceeding, the application of the double jeopardy clause turns on the extent and legitimacy of a defendant's expectation of finality in that sentence. If a defendant has a legitimate expectation of finality, then an increase in that sentence is prohibited." *Id.* at 394, 109 S.Ct. at 2532 (internal quotation marks and internal citations omitted). While the majority seemingly agreed with Scalia's statement of the law, it found that the statement supported the majority opinion: "Justice Scalia's discussion of the defendant's expectation of finality makes no independent contribution to the inquiry. . . . Respondent plainly had no expectation of serving only an attempted robbery sentence. . . ." *Id.* at 386, 109 S.Ct. at 2528.

Collins attempts to distinguish *DiFrancesco* by arguing that the Commonwealth had no explicit statutory authority to appeal her original sentence. Thus, she argues that she had a legitimate expectation of finality in her original sentence. Therefore, she concludes that, under the cases outlined above, principles of double jeopardy barred the increase of her sentence at the resentencing hearing.

■ We agree with Collins that the Double Jeopardy Clause protects "against additions to a sentence in a subsequent proceeding that upset a defendant's legitimate expectation of finality" in the original or prior sentence. *See Jones,* 491 U.S. at 385, 109 S.Ct. at 2528. We also agree with Collins that whether she had a legitimate expectation of finality in her original sentence depends upon whether the Commonwealth had the authority to appeal the sentence. *See Goldhammer,* 474 U.S. at 30, 106 S.Ct. at 354. However, we disagree with Collins's assertion that the Commonwealth lacked authority to seek appellate review of her original sentence.

■ Section 115 of the Kentucky Constitution gives the Commonwealth the right to one appeal in all criminal cases except where such an appeal would otherwise violate the constitution: "In all cases, civil and criminal, there shall be allowed as a matter of right at least one appeal to another court, except that the Commonwealth may not appeal from a judgment of acquittal in a criminal case, other than for the purpose of securing a certification of law. . . ." The exception merely

states that the Commonwealth's right to appeal is limited by double jeopardy principles. *See Commonwealth v. Brindley*, Ky., 724 S.W.2d 214, 216 (1986). Other than the exception, Section 115 does not distinguish between the appellate authority given to the defense and the Commonwealth in criminal cases. Clearly, Section 115 encompasses a defendant's right to appeal a sentence entered upon conviction. Therefore, the Commonwealth has the same right unless the appeal of a defendant's sentence should be considered an "appeal from a judgment of acquittal."

 A sentence imposed upon the finding of guilt is fundamentally different than an acquittal on the underlying offense. Double jeopardy absolutely forbids the retrial of a defendant who has been acquitted. However, in noncapital cases, double jeopardy does not bar the imposition of a greater sentence upon conviction at retrial after a defendant has successfully overturned his original conviction on appeal. *See, e.g., Green v. United States*, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957); *Smith v. Commonwealth*, Ky., 737 S.W.2d 683 (1987). Thus, had Collins succeeded in her appeal and been reconvicted at retrial, double jeopardy principles would not have barred her from receiving a more severe sentence at resentencing. Therefore, we find that Collins's sentence at her original trial was not an acquittal within the meaning of Kentucky Constitution Section 115. Thus, the exception of Section 115 did not apply and, consequently, the Commonwealth had authority to appeal her sentence.

 In addition to having the authority to appeal Collins's sentence, the Commonwealth's appeal was timely as well. The Commonwealth filed its notice of appeal on the same day as Collins's final sentencing. Thus, the Commonwealth's appeal came well within the ten-day window set forth in RCr 12.04. The timeliness of the Commonwealth's appeal distinguishes the case at bar from *Hord v. Commonwealth*, Ky., 450 S.W.2d 530 (1970).

In *Hord*, almost eight months subsequent to imposing the defendant's original sentence, the trial court revoked the defendant's probation and doubled his original sentence. *Id.* at 531. The *Hord* Court found that the increase in the defendant's sentence was "repugnant to the spirit, if not the letter, of the Federal and State Constitutions on former jeopardy, speedy trials, and due process." *Id.* Important to the *Hord* Court's analysis was that "judgments in criminal cases ... must by necessity have some finality." *Id.* at 532. The *Hord* Court then noted that under the applicable rules the defendant's sentence became final ten days after he was originally sentenced. *Id.*

Collins's case was not remanded for resentencing because her original sentence was invalid or because it was not authorized by the applicable sentencing statutes, but rather because the trial court had deprived the Commonwealth its right under the Criminal Rules to insist upon a jury pursuant to RCr 9.26. *Collins*, 933 S.W.2d at 819. Likewise, the defendant's original sentence in *Hord* was authorized by the applicable sentencing statutes. Thus, we are not presented with a situation either in this case or in *Hord* where the defendant's original sentence was "unlawful" as was the case in *Skiles v. Commonwealth*, Ky.App., 757 S.W.2d 212 (1988). Clearly then, what distinguishes the case at bar from *Hord* is that Collins's sentence had not become final under the applicable rules when the Commonwealth appealed her original sentence, whereas, the defendant's sentence in Hord had become final when the trial court revoked his probation and increased his sentence at resentencing.

Because the Commonwealth's appeal was timely and because it had the express authority to seek appellate review of Collins's sentence, Collins had no legitimate expectation of finality in her original sentence. *See Goldhammer*, 474 U.S. at 30–31, 106 S.Ct. at 354. Therefore, the higher sentence imposed on Collins at retrial withstands constitutional scrutiny. *See DiFrancesco*, 449 U.S. at 143, 101 S.Ct. at 440.

For the reasons set forth above, the judgment of the Henry Circuit Court is affirmed.

All concur.