RENDERED:  MAY 7, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0768-MR

STEVEN L. TURNER                                              APPELLANT

APPEAL FROM BELL CIRCUIT COURT
v.         HONORABLE ROBERT V. COSTANZO, JUDGE
ACTION NO. 15-CR-00052

COMMONWEALTH OF KENTUCKY                              APPELLEE

OPINION
VACATING AND  REMANDING

** ** ** ** **

BEFORE:  CALDWELL, JONES, AND TAYLOR, JUDGES.

JONES, JUDGE:  Appellant, Steven L. Turner, appeals the Bell Circuit Court's order denying his motion to vacate, set aside or correct his criminal sentence pursuant to Kentucky Rules of Criminal Procedure (RCr) 11.42.  Turner alleges that his trial counsel was ineffective by failing to correctly advise him on how his sentence would run as part of his plea agreement with the Commonwealth. Further, Turner alleges that the trial court erred in denying him an evidentiary

hearing on his RCr 11.42 motion. Finally, Turner contends the trial court lost jurisdiction to enter a final written judgment where it waited over thirty months from acceptance of Turner's guilty plea to entry of a final judgment of sentencing. After a careful review of the record, we vacate and remand to the trial court with directions to conduct an evidentiary hearing on Turner's claim that he received ineffective assistance of counsel.

## I. BACKGROUND

On March 3, 2015, Turner was indicted in Case No. 15-CR-00052, the subject of this appeal, on one count of trafficking in a controlled substance in the first degree, four counts of trafficking in a controlled substance in the second degree, and one count of being a persistent felony offender in the first degree. While awaiting trial on Case No. 15-CR-00052, Turner was arrested on two separate occasions: (1) the first arrest took place on May 29, 2015, and forms the basis of Case No. 15-CR-00286; (2) the second arrest took place on June 30, 2015, and forms the basis of Case No. 15-CR-00327.

Turner was indicted in Case No. 15-CR-00286 on August 18, 2015. The matter was tried before a jury; on December 10, 2015, the jury found Turner guilty of trafficking in a controlled substance in the second degree and of being a persistent felony offender in the first degree. On January 11, 2016, the trial court sentenced Turner to ten years in connection with the jury's guilty verdicts. The

charges against Turner were still pending in the two other cases at the time this judgment was entered.

On August 23, 2016, the trial court began a jury trial as related to charges against Turner in Case No. 15-CR-00052. When the jury broke for lunch on the first day of trial, Turner and the Commonwealth entered into a plea agreement. Specifically, the Commonwealth offered, and Turner accepted, the following guilty plea:

> 8 years in penitentiary under Ct. I, 3 years in penitentiary under Cts. II-V, sentence under Ct. III enhanced by plea of guilty to amended Ct. VI five years, sentences under Cts. II-VI to run concurrently with each other but consecutively with Ind. Nos. 94-CR-77-1, 96-CR-115, 03-CR-167, 06-CR-207, 11-CR-009 and consecutively with Jefferson Ind. No. 96-CR-992.

Record (R.) at 91. Turner alleges that his trial counsel explicitly represented to him that the eight years being offered by the Commonwealth would run concurrently with his ten-year sentence in Case No. 15-CR-00286. The trial court accepted Turner's guilty plea. Because Turner was already serving the prior sentence, he was remanded to custody that day prior to entry of a formal, written judgment of conviction and sentence.

Before final sentencing in Case No. 15-CR-00052, on January 23, 2018, Turner pleaded guilty in Case No. 15-CR-00327 to receiving stolen property and possession of a firearm by a convicted felon. On February 9, 2018, the trial

-3-

court entered a judgment sentencing Turner to a three-year sentence to run concurrently with the ten-year sentence in Case No. 15-CR-00286.

Turner avers that he was discharged from custody on April 10, 2018, after having served the statutory minimum with respect to Case No. 15-CR-00286. At the time Turner was discharged, no final sentence had been entered in 15-CR-00052, even though the trial court had accepted Turner's guilty plea some two years earlier. It is unclear the reason(s) for the trial court's delay in entering a final sentence in 15-CR-00052 or what prompted it to eventually enter a final written judgment. In any event, approximately thirty months after accepting Turner's guilty plea, on February 22, 2019, the trial court entered its final, written judgment of sentence in Case No. 15-CR-00052. It does not appear that Turner was provided notice and an opportunity to be heard prior to entry of the final written judgment. Once the Kentucky Department of Corrections obtained the final written judgment, it issued a warrant for Turner's arrest on the grounds of inadvertent release. Turner was arrested on March 16, 2019, and placed in the Bell County Jail. On March 29, 2019, he was transferred from the Bell County Jail to the Kentucky State Reformatory.

Turner's counsel contacted the Department of Corrections seeking information regarding the running of Turner's sentences. In a letter dated April 9,

2019, the Department of Corrections advised Turner's trial counsel regarding the

running of Turner's sentences as follows:

> This letter is in response to your recent correspondence regarding Inmate Stephen Turner #127282. . . . [I]t was determined that [Turner's] crimes committed on May 21, 2015, and May 29, 2015, were committed while awaiting trial for his crimes committed on February 13, 2014, March 5, 2014, and May 15, 2014.
>
> The Department of Corrections has to follow KRS [Kentucky Revised Statutes] 533.060 when calculating a sentence. . . . Since [Turner] committed additional crimes and was convicted in Bell 15-CR-00286 and 15-CR-00327 while awaiting trial for 15-CR-00052, the sentences cannot run concurrently with 15-CR-00052. His total sentence length is 23 years. His current minimum expiration date is May 18, 2024.

R. at 121.

Next, on April 18, 2019, Turner, through his trial counsel, filed a

motion to withdraw his guilty plea in Case No. 15-CR-00052. In the motion,

Turner's trial counsel stated that neither she nor Turner realized that Turner's

sentence in Case No. 15-CR-00052 would run consecutively with his sentences in

Case Nos. 15-CR-00286 and 15-CR-00327. Turner's trial counsel further stated

that if she had realized that Turner had other cases in which he had already been

sentenced, she would have informed Turner of Kentucky Revised Statutes (KRS)

533.060, which requires the sentences to run consecutively.[1]  Further, in the motion

to withdraw his guilty plea, Turner noted that Case Nos. 15-CR-00286 and 15-CR-

00327 were not mentioned in the Commonwealth's plea offer to which he

ultimately agreed.  Turner's counsel argued that she was prevented from making

her motion prior to entry of the final judgment because the judgment was entered

without notice to either her or Turner.  The trial court denied Turner's motion,

stating that Turner had shown no legal cause to withdraw his guilty plea.[2]

On May 21, 2019, Turner, *pro se*, filed a motion to vacate judgment

pursuant to RCr 11.42, a motion for an evidentiary hearing, and a motion to

proceed *in forma pauperis* and for appointment of counsel.  In his RCr 11.42

motion, Turner stated that his trial counsel advised him that his eight-year sentence

in Case No. 15-CR-00052 would run concurrently with his ten-year sentence in

Case No. 15-CR-00286.  Turner further stated that if he would have known that his

sentences would run consecutively, he would not have taken the plea offer and

---

[1] KRS 533.060(3) provides: "When a person commits an offense while awaiting trial for another offense, and is subsequently convicted or enters a plea of guilty to the offense committed while awaiting trial, the sentence imposed for the offense committed while awaiting trial shall not run concurrently with confinement for the offense for which the person is awaiting trial."

[2] Turner's judgment of sentence on his guilty plea had already achieved finality by the time his counsel moved to withdraw the plea.  RCr 8.10 provides, in part, that "[a]t any time *before* judgment the court may permit the plea of guilty or guilty but mentally ill, to be withdrawn and a plea of not guilty substituted." (Emphasis added).  The Criminal Rules, however, do not provide a mechanism for a defendant to move to withdraw a guilty plea after the judgment of conviction has become final.

would have insisted on going to trial. Upon review, the trial court concluded that Turner's "motion [did] not present viable grounds for ineffective assistance of counsel rendering his guilty plea involuntary or unknowing that [could not] be resolved by reference to the record." Accordingly, by order entered April 27, 2020, the trial court denied Turner's motion to vacate without an evidentiary hearing. This appeal followed.

## II. ANALYSIS

### A. *Ineffective Assistance of Counsel*

On a motion under RCr 11.42, the trial court must determine whether the allegations of the movant can be resolved on the face of the record. *Fraser v. Commonwealth*, 59 S.W.3d 448, 452 (Ky. 2001). An evidentiary hearing is required where there exists a "material issue of fact that cannot be conclusively resolved, i.e., conclusively proved or disproved, by an examination of the record." *Id*. Where an evidentiary hearing was denied by the trial court, we review "whether the motion on its face states grounds that are not conclusively refuted by the record and which, if true, would invalidate the conviction." *Lewis v. Commonwealth*, 411 S.W.2d 321, 322 (Ky. 1967).

A guilty plea must be entered into intelligently and voluntarily. *Bronk v. Commonwealth*, 58 S.W.3d 482, 486 (Ky. 2001). To establish an ineffective assistance of counsel claim in the context of a guilty plea, "[t]he movant must

demonstrate that: (1) defense counsel's performance fell outside the wide range of professionally competent assistance; and that (2) a reasonable probability exists that, but for the deficient performance of counsel, the movant would not have pled guilty, but would have insisted on going to trial." *Commonwealth v. Rank*, 494 S.W.3d 476, 481 (Ky. 2016) (citing *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)).

With respect to an ineffective assistance of counsel claim in an RCr 11.42 appeal, the initial presumption is that counsel's performance was reasonable. *Commonwealth v. McGorman*, 489 S.W.3d 731, 736 (Ky. 2016). "The reviewing court is then obligated to consider the totality of the circumstances surrounding the guilty plea and juxtapose the presumption of voluntariness inherent in a proper plea colloquy with a *Strickland v. Washington* inquiry into the performance of counsel[.] The factual findings of the trial court and determinations of witness credibility are reviewed only for clear error, while the application of legal standards and precedents is reviewed *de novo*." *Commonwealth v. Thompson*, 548 S.W.3d 881, 887 (Ky. 2018) (internal citations and quotation marks omitted).

"The Due Process Clause of the Fourteenth Amendment mandates that any guilty plea be made voluntarily and intelligently." *Thompson*, 548 S.W.3d at 889. "[I]t is mandatory that the defendant entering into a plea agreement have knowledge of the 'relevant circumstances and likely consequences.'" *Id.* (quoting

*Brady v. United States*, 397 U.S. 742, 748, 90 S. Ct. 1463, 1469, 25 L. Ed. 2d 747 (1970)).  Sentencing, including whether a defendant's sentences are to be run concurrently or consecutively, is a direct consequence of the guilty plea insomuch as "the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment." *Id.*

"The Sixth Amendment 'responsibilities of counsel to advise of the advantages and disadvantages of a guilty plea are greater than the responsibilities of a court under the Fifth Amendment.'" *Id.* at 891 (quoting *United States v. Youngs*, 687 F.3d 56, 62 (2d Cir. 2012)).  And, generally counsel should render competent advice with respect to how long a defendant will be statutorily required to remain incarcerated, where doing so is easily determined by reference to our statutes and corresponding case law.  For example, in *Commonwealth v. Pridham*, 394 S.W.3d 867, 878 (Ky. 2012), the Kentucky Supreme Court held that the "sharply extended period of parole ineligibility [under the violent offender statute] is a serious enough and certain enough detriment that a person pleading guilty is entitled to know about it.  It is a detriment that applies automatically upon conviction of one of the statutory offenses, and while parole, technically, is not within the sentencing court's authority, the parole consequence here is legally inseparable from the conviction and sentence over which the trial court does preside." *Id.*

Turner alleges that he received ineffective assistance of counsel in entering his guilty plea to charges of trafficking in a controlled substance and being a persistent felony offender. Specifically, he alleges that his trial counsel misadvised him regarding the nature of how his sentence would run. In his RCr 11.42 motion, Turner stated that he accepted the Commonwealth's plea offer in Case No. 15-CR-00052 based on his trial counsel's representation that the eight-year sentence would run concurrently with the ten-year sentence imposed in Case No. 15-CR-00286. No evidentiary hearing was conducted, despite Turner's trial counsel's representations that (1) she had in fact misadvised him in the earlier filed motion to withdraw guilty plea; and (2) Turner entered the guilty plea thinking that all his cases would be served concurrently. R. at 122.

"While it is obvious that no attorney could anticipate all of the myriad consequences of a guilty plea, where, as here, a particular consequence is sufficiently serious, definite, and automatic (it can readily be determined by reviewing a controlling state statute), effective assistance entails informing the client of that consequence." *Thompson*, 548 S.W.3d at 893. Just as the parole eligibility consequences of Pridham's plea could easily be determined by reading the violent offender statute, a counsel with knowledge of Turner's criminal history could easily determine by examining KRS 533.060(3) that any sentence entered in conjunction with his plea would run consecutively with 15-CR-00286.

The fact that Turner should have been advised by his counsel regarding how his sentences would be run pursuant to statute, however, does not mean that he prevails as a matter of law on his RCr 11.42 motion. Turner "is required to establish that a reasonable probability exists, that had he been aware [his sentences would be run consecutively], that he would have rejected the Commonwealth's offer and insisted on going to trial, *i.e.*, that he suffered actual prejudice as a result of counsel's failure to [properly] inform him [how his sentence would be run]." *Thompson*, 548 S.W.3d at 894 (citing *Rank*, 494 S.W.3d at 481). To demonstrate that he was prejudiced, Turner must come forward with some evidence to "support a conclusion that the decision to reject the plea bargain and go to trial would have been rational, *e.g.*, valid defenses, a pending suppression motion that could undermine the prosecution's case, or the realistic potential for a lower sentence." *Id.* (citing *Stiger v. Commonwealth*, 381 S.W.3d 230, 237 (Ky. 2012)).

In both *Pridham* and *Thompson*, the Kentucky Supreme Court remanded for evidentiary hearings with respect to the prejudice prong of the *Strickland* analysis. The *Thompson* court specifically pointed out that even though the trial court, like the trial court in this case, had briefly mentioned the prejudice prong in the alternative after concluding that counsel was not ineffective, "the better approach [was] to remand the case to the trial court for consideration of the

-11-

prejudice prong of the *Strickland/Hill v. Lockhart*[3] analysis now that it [had become] essential to the disposition of this case." *Id*. at 894. Having considered the matter, we follow the Supreme Court's approach and remand this matter for an evidentiary hearing on the scope of counsel's advice or lack thereof and whether correct advice would have caused a rationally minded defendant to reject the plea and proceed to trial.

### B. Trial Court's Jurisdiction

In his appellant brief, Turner makes the additional argument that the trial court lacked jurisdiction to "amend" its judgment some thirty months after accepting Turner's guilty plea. Turner did not make this argument in his RCr 11.42 motion before the trial court, and therefore, it has not been sufficiently developed at this juncture. However, we have grave concerns with respect to how the final written judgment came to be entered considering the extraordinary delay and Turner's allegations that he did not receive a hearing or any due process prior to entry of the final judgment. Therefore, we will briefly address Turner's jurisdictional argument.

"[A] trial court loses jurisdiction to amend a judgment in a criminal case ten days after its entry." *Commonwealth v. Gaddie*, 239 S.W.3d 59, 62 (Ky. 2007). Had a judgment of sentence actually been entered on August 23, 2016,

---

[3] *Hill v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985).

Turner would be correct that any amendment of the sentence in 2019 for anything but a clerical error would have been improper. However, no judgment of sentence was entered by the trial court on August 23, 2016. On that day, all the trial court did was accept Turner's guilty plea and remand him to the custody of the Department of Corrections. The trial court did not enter a judgment and sentence in this matter until February 22, 2019.

"A judgment is a written order of a court adjudicating a claim or claims in an action or proceeding. A final and appealable judgment is a final order adjudicating all the rights of all the parties in an action or proceeding[.]" Kentucky Rules of Civil Procedure (CR) 54.01. In a criminal case, such final judgment must be written and entered into the record. *Milam v. Commonwealth*, 593 S.W.3d 68, 71 (Ky. App. 2020). In this case, the trial court clearly entered a written final judgment into the record for the first time on February 22, 2019. Turner has provided no authority to support the position that his acceptance of the Commonwealth's offer in August of 2016 represents a final judgment entered by the court in this case. To the extent Turner believes that the trial court's act of remanding him to the Department of Corrections somehow constitutes a judgment, we point out that RCr 11.02 expressly provides that the trial court "may commit the defendant" before imposing the defendant's final sentences.

-13-

Nevertheless, Turner's jurisdictional argument has some potential merit. Under RCr 11.02(1), a "[s]entence shall be imposed without unreasonable delay." In the context of a post-conviction claim, prejudice is the dominant consideration in determining whether there has been "unreasonable delay" in sentencing under RCr 11.02. *Perdue v. Commonwealth*, 82 S.W.3d 909, 912 (Ky. 2002). If the delay is unreasonable, the sentencing court may lose jurisdiction. *Dillard v. Commonwealth*, 995 S.W.2d 366 (Ky. 1999). However, "[a]bsent some manifest injustice, the right to complain about the denial of [the] right [to prompt sentencing] is contingent upon having demanded its exercise in the first place. The defendant, content to sit back and wait without complaint, has lost the right to complain after the fact absent circumstances showing he was prejudiced by the delay in sentencing." *Commonwealth v. Tiryung*, 709 S.W.2d 454, 457 (Ky. 1986).

While we could review Turner's jurisdictional arguments for manifest injustice, we decline to do so in this instance as the record is underdeveloped. The reason for the delay is not apparent from the face of the record; it is unclear whether Turner ever demanded his rights under RCr 11.02; and it is likewise unclear whether Turner received a hearing prior to entry of the final judgment at which he could have moved to withdraw his guilty plea and/or raised his jurisdictional objections. Accordingly, we conclude the better course would be for

-14-

Turner to bring the issue before the trial court via a CR 60.02(e) motion.[4] This would allow the trial court to consider the issue and supplement the record, if necessary.

### III. CONCLUSION

For the reasons stated above, we vacate the Bell Circuit Court's denial of Turner's RCr 11.42 motion and remand for further proceedings, including appointment of counsel and an evidentiary hearing.

ALL CONCUR.

BRIEFS FOR APPELLANT:

J. Ryan Chailland
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Perry T. Ryan
Assistant Attorney General
Frankfort, Kentucky

---

[4] Nothing in this Opinion should be construed an unequivocal determination that a CR 60.02(e) motion would ultimately prevail, either procedurally or substantively.