Jeffery CARDINE, Appellant,

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2002–SC–0099–DG.

Supreme Court of Kentucky.

April 24, 2003.

Jeffrey Cardine, Burgin, for Appellant.

A.B. Chandler III, Attorney General, Connie Vance Malone, Assistant Attorney General, Office of Attorney General, Criminal Appellate Division, Frankfort, for Appellee.

Opinion of the Court by Justice GRAVES.

In 1980, Appellant, Jeffery Cardine, was convicted in the Jefferson Circuit Court of three counts of first-degree robbery and was sentenced to a total of forty years imprisonment, to run consecutive to a previous twelve-year sentence. This Court affirmed the convictions in *Cardine v. Commonwealth*, Ky., 623 S.W.2d 895 (1981). Appellant has filed a number of post-conviction motions, including two motions pursuant to RCr 11.42, all of which were denied by the trial court.

On September 18, 2000, Appellant filed a third RCr 11.42 motion and a CR 60.02 motion, both of which were denied by the trial court as being successive and untimely. Appellant thereafter appealed to the Court of Appeals. A 2–1 majority of the Court of Appeals panel dismissed the appeal and held that, "Because appellant received a sentence of over 20 years this Court does not have the jurisdiction of the appeal herein." The majority relied upon § 110(2)(b) of the Kentucky Constitution and our decision in *Skaggs v. Commonwealth*, Ky., 803 S.W.2d 573, 577 (1990), *cert. denied*, 502 U.S. 844, 112 S.Ct. 140, 116 L.Ed.2d 106 (1991), wherein we commented:

> We take this occasion to express our view that the Court of Appeals is without authority to review any matter affecting the imposition of the death sentence. CR 76.18(2)[1], in its present form, provides for automatic transfer to this Court.

Thus, the Court of Appeals presumably reasoned that since this case does not involve a sentence of death, which would trigger the automatic transfer language of CR 74.02(2), and since Appellant's sentence was over twenty years, it was without jurisdiction to entertain the appeal. This Court thereafter granted Appellant's motion for discretionary review.

The Court of Appeals has misconstrued our *Skaggs*, *supra*, decision. *Skaggs* merely reminded the Court of Appeals of the recent adoption of the automatic transfer rule, providing that future appeals concerning post-conviction motions in *death penalty* cases would be automatically transferred to this Court. Neither the rule nor the language in *Skaggs* deprives the Court of Appeals of authority to decide appeals of post-conviction matters in any case where the sentence being challenged is less than death. As we stated in *Williams v. Venters*, Ky., 550 S.W.2d 547, 548 (1977):

> case in which the death penalty has been imposed will automatically serve to transfer the appeal to the Supreme Court."

---

**1.** The automatic transfer language of the former CR 76.18(2) is now contained in CR 74.02(2): "The filing of a notice of appeal in a

Section 110(2)(b) of the Kentucky Constitution as amended effective January 1, 1976, provides that an appeal from a judgment of the circuit court "imposing a sentence of death or life imprisonment or imprisonment for twenty years or more shall be taken directly to the Supreme Court." A judgment or order denying a post conviction motion, however, is not a *judgment* "imposing a sentence." Hence an appeal from it is addressable to the Court of Appeals. (Emphasis added)

Without question, both an RCr 11.42 motion and an RCr 60.02 motion concern post conviction relief and, as such, are appealable to the Court of Appeals in all cases except those involving a death sentence.

Accordingly, this matter is remanded to the Court of Appeals for consideration of the merits of Appellant's appeal.

All concur.