**Mitchell JACKSON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2009-SC-000046-MR.

Supreme Court of Kentucky.

Aug. 26, 2010.

Daniel T. Goyette, Louisville Metro Public Defender, Bruce P. Hackett, Deputy Appellate Defender, Office of the Louisville Metro Public Defender, Louisville, KY, Counsel for Appellant.

Jack Conway, Attorney General of Kentucky, Gregory C. Fuchs, Assistant Attorney General, Office of Criminal Appeals, Office of the Attorney General, Frankfort, KY, Counsel for Appellee.

Opinion of the Court by Justice ABRAMSON.

This case comes to the Supreme Court as a matter-of-right appeal brought by Appellant Mitchell Jackson from an order of the Jefferson Circuit Court revoking his probation and ordering him to serve a twenty-year sentence derived from two separate judgments of conviction. Jack-

son raises three claims of error concerning his revocation proceeding but the threshold issue before us is whether his appeal is properly before the Supreme Court of Kentucky or whether it should have been brought in the Court of Appeals. The Commonwealth has filed a motion to dismiss or transfer Jackson's appeal, contending it is not a proper matter-of-right appeal to the Supreme Court pursuant to Section 110(2)(b) of the Kentucky Constitution. Because we conclude that an order revoking probation does not constitute a "judgment of the Circuit Court imposing a sentence" as required by Section 110(2)(b), we grant, by separate order, the Commonwealth's motion to dismiss but with directions for the Court of Appeals to accept Jackson's belated appeal.

## RELEVANT FACTS

In 2000, the Jefferson County Grand Jury returned two separate indictments, 2000–CR–0667 and 2000–CR–1372, charging Jackson with various offenses. In 2003, Jackson entered a plea agreement and two judgments were entered in accord with that agreement. In 2000–CR–0667, he pled guilty to receiving stolen property, over $300.00 and theft by unlawful taking, over $300.00. He also pled guilty to being a Persistent Felony Offender in the first degree (PFO1). Jackson was sentenced to concurrent five-year terms on the receipt of stolen property and theft offenses, enhanced to ten years by the PFO1. The ten-year sentence was to run consecutively to the sentence imposed in a separate judgment entered the same day in 2000–CR–1372. In 2000–CR–1372, Jackson pled guilty to two counts of first-degree wanton endangerment; fleeing or evading the police; third-degree assault; resisting arrest; third-degree criminal mischief; driving under the influence; reckless driving; and PFO1. Jackson was sentenced to concurrent five-year terms on each of the felony counts, enhanced to ten years by the PFO1, to run consecutively to the ten years imposed in 2000–CR–0667. In both judgments, each entered on September 3, 2003, the sentences were probated for five years on the same terms and conditions.

In 2005, Jackson entered a plea of guilty to additional charges not relevant to the instant appeal. The guilty plea and judgment in that case, however, are relevant inasmuch as Jackson agreed to a tolling of the five-year probationary period imposed by the two 2003 judgments. Specifically, the 2005 judgment, which imposed an eight-year sentence, stated, "Further, the Defendant agreed to toll the statutory five year period on Indictment No. 00CR0667 and 00CR1372, which sentences must run consecutively if revoked with this eight year sentence." Jackson served two years of the eight-year sentence and was paroled in May of 2007.

On October 19, 2007, the Commonwealth filed a motion to revoke Jackson's probation and a revocation hearing was held on December 8, 2008. At the hearing's conclusion, the trial court revoked his probation and ordered him to serve twenty-years imprisonment. He appeals to this Court, but the Commonwealth contends that the appropriate forum for his appeal is the Court of Appeals.

## ANALYSIS

**This Case is Not Properly Before the Supreme Court Because it is Not an Appeal From a Judgment Imposing a Sentence of Twenty Years or More as Required by Section 110(2)(b) of the Kentucky Constitution**

█ The Commonwealth initially seeks to dismiss this appeal or, alternatively, to transfer the appeal to the Court of Appeals. The Commonwealth asserts this is not an appeal from a "judgment" and,

moreover, the twenty-year sentence Jackson was ordered to serve following entry of the revocation order was based on two separate underlying judgments, each imposing a ten-year sentence, rather than a single judgment imposing a sentence of twenty years. We begin with the section of the Kentucky Constitution which outlines our matter-of-right appellate jurisdiction. Ky. Const. § 110(2)(b) provides:

> Appeals from a judgment of the Circuit Court imposing a sentence of death or life imprisonment or imprisonment for twenty years or more shall be taken directly to the Supreme Court. In all other cases, criminal and civil, the Supreme Court shall exercise appellate jurisdiction as provided by its rules.

While this Court has appellate jurisdiction of judgments in which a sentence of twenty or more years is imposed, *id.*, other appeals, generally, "shall be taken to the next higher court." CR 73.01(2). Accordingly, we must first determine whether a probation revocation order constitutes a *"judgment ... imposing a sentence"* for purposes of Ky. Const. § 110(2)(b) and, if so, whether the sentence imposed here meets the twenty-year imprisonment threshold given that the sentence was reached by combining two underlying judgments imposing ten years each. Because we conclude a probation revocation order is not a judgment imposing a sentence, we do not reach the second inquiry.

Surprisingly, this Court has never directly addressed whether a revocation order that requires a defendant to serve twenty or more years imprisonment constitutes a judgment imposing such sentence under Ky. Const. § 110(2)(b). Although Justice Keller, in a dissent joined by Justice Graves, in *Stallworth v. Commonwealth*, 102 S.W.3d 918 (Ky.2003), opined that a revocation order was not a judgment under the aforementioned constitutional provision, the issue was apparently not raised by the parties in that case as it was not addressed in the majority opinion. However, Justice Keller, in his dissenting opinion, explained:

> [W]e must avoid tunnel vision as to the "twenty years or more" language because, although ... a *judgment of conviction* imposing a sentence of twenty (20) years or longer must be appealed to this Court, *Shepherd v. Commonwealth,* 739 S.W.2d 540 (Ky.1987), our rules do not authorize such an appeal from all orders *affecting* criminal sentences of "twenty years or more." *Williams v. Venters,* 550 S.W.2d 547, 548 (Ky.1977) ("A judgment or order denying a post-conviction motion, however, is not a judgment 'imposing a sentence.' Hence an appeal from it is addressable to the Court of Appeals.").

*Id.* at 925 (emphasis in original). We agree with Justice Keller's interpretation of the constitutional provision but note that whether that construction necessarily precluded this Court's direct review in *Stallworth* is an issue not presently before us. The unique procedural posture created by the trial court's errors in that case is decidedly different from the issue in this comparatively simple case. We leave for another day what, if any, special circumstances might give rise to matter-of-right jurisdiction in this Court immediately following probation revocation and proceed to the issue that is before us.

Plainly stated, Ky. Const. § 110(2)(b) lends itself to a straight-forward application, permitting a direct appeal to this Court only from judgments that impose a sentence of twenty years or more, not from probation revocation orders, regardless of the length of the resulting sentence. This conclusion is derived from consideration of some basic sentencing principles. First, even though a defendant may be

granted probation, he must first be given an underlying sentence pursuant to KRS 532.030 and RCr 11.02. *Commonwealth v. Tiryung*, 709 S.W.2d 454 (Ky.1986). In *Tiryung*, this Court stated, "The statutory scheme requires imposition of a sentence of imprisonment or fine upon conviction, as appropriate for the offense committed, which must be rendered without unreasonable delay and before sentencing to probation." *Id.* at 456. Further KRS 532.040 provides, "A sentence to probation or conditional discharge shall be deemed a tentative one to the extent that it may be altered or revoked in accordance with KRS Chapter 533, *but for purposes of appeal shall be deemed to be a final judgment of conviction.'* " (emphasis added). Thus, it is the judgment imposing sentence and granting probation rather than the order revoking probation which constitutes a final judgment of conviction for purposes of appeal.

Applying the foregoing principles to the case at bar, it is clear that Jackson was entitled to a matter-of-right appeal (although his unconditional guilty plea precluded appeal on all but a limited number of issues) [1] from the underlying September 3, 2003 judgments and cumulative twenty-year sentence. It is unnecessary to address whether that cumulative sentence, rather than the two individual sentences, was the proper measure for determining whether this Court had initial appellate jurisdiction of Jackson's matter-of-right appeal from the judgments (had he filed such appeal), because the subject of the current appeal is plainly the probation revocation order, not the underlying judgments. While the revocation order, most certainly, requires Jackson to serve a twenty-year sentence, it was the two underlying judgments of conviction that actually "imposed" his sentence. Thus, the appeal before us is not from a judgment imposing a sentence of twenty years or more as required to invoke our matter-of-right appellate jurisdiction.

Moreover, it is well established that judgments or orders collateral to the judgment of conviction, provided that the death penalty was not imposed, must be appealed to the next higher court even where the judgment of conviction was appealable directly to this Court under Ky. Const. § 110(2)(b). *Cardine v. Commonwealth*, 102 S.W.3d 927 (Ky.2003) (holding that judgments on RCr 11.42 motions and CR 60.02 motions are appealable to the Court of Appeals in all cases except those imposing death); *Williams v. Venters, supra.* Although probation revocation results in service of the sentence previously imposed, it is a matter that is entirely collateral to the judgment of conviction. While Ky. Const. § 110(2)(b) ensures that proceedings that lead to convictions resulting in the most significant penalties, *i.e.,* twenty years imprisonment or more, are reviewed as a matter of right by this Commonwealth's highest Court, the merits of an appeal from an order revoking probation concern a defendant's alleged violations of the terms or conditions of his probation, matters wholly independent of the proceedings producing the underlying convictions. As such, probation revocation proceedings constitute collateral, post-conviction proceedings. This further confirms our conclusion that probation revocation orders do not constitute judgments *"imposing a sentence"* as required by Ky. Const. § 110(2)(b). Such orders, absent unusual circumstances not present here,

---

1. In *Windsor v. Comm.,* 250 S.W.3d 306 (Ky. 2008) this Court recognized certain issues that may be appealed despite the express waiver of an appeal right in the course of an unconditional guilty plea.

simply cannot provide a basis for a matter-of-right appeal to the Supreme Court.

Accordingly, by separate order, we grant the Commonwealth's motion to dismiss this appeal and direct the Court of Appeals to accept Jackson's belated appeal.

All sitting. All concur.

### *ORDER*

The Commonwealth's motion to dismiss is GRANTED and the Court of Appeals is directed to accept Appellant's belated appeal.

All sitting. All concur.