# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

$\mathfrak{Supreme\ Court\ of\ Kentucky}$

2013-SC-000748-OA

MITCHELL JACKSON                                      PETITIONER


V.                              IN SUPREME COURT


HON. C. SHEA NICKELL (JUDGE,                    RESPONDENTS
COURT OF APPEALS), ET AL.


AND


COMMONWEALTH OF KENTUCKY              REAL PARTY IN INTEREST


**MEMORANDUM OPINION OF THE COURT**

**DISMISSING**

Petitioner, Mitchell Jackson, brought forth two claims for relief as an

original action in the Supreme Court of Kentucky. The first claim seeks a

summary reversal of the Jefferson Circuit Court's order of revocation of

Petitioner's probation. Petitioner seeks to invoke this Court's jurisdiction

pursuant to Section 110(2)(a) of the Kentucky Constitution.[1] Alternatively,

Petitioner's second claim requests a writ of mandamus directing the Court of

Appeals to 1) rule on his motion to expedite, 2) rule on his motion for summary

---

[1] Section 110(2)(a) states, to wit:

The Supreme Court shall have appellate jurisdiction only, except it shall
have the power to issue all writs necessary in aid of its appellate
jurisdiction, or the complete determination of any cause, or as may be
required to exercise control of the Court of Justice.

reversal, and, if necessary, 3) render a decision on the merits. For the reasons that follow, we dismiss both claims.

## I. BACKGROUND

A Jefferson County Grand Jury returned two separate indictments charging Petitioner with various offenses. In 2003, Petitioner reached a plea agreement with the Commonwealth, resulting in two separate judgments. Each judgment sentenced Petitioner to ten years' imprisonment to be served consecutively for a total of twenty years. However, each sentence was probated for five years.

In 2005, Petitioner pled guilty to additional unrelated charges. The guilty plea and resulting judgment indicated that Petitioner agreed to a tolling of the five-year probationary period imposed by the 2003 judgments. Petitioner was sentenced to eight years' imprisonment, served two years of his sentence, and received parole.

After his release on parole, Petitioner was indicted again for additional offenses.[2] Thereafter, the Jefferson Circuit Court entered an order revoking Petitioner's probation and imposing two ten-year sentences to be served consecutively pursuant to the two judgments rendered against him in 2003.

Following his probation revocation, Petitioner filed a matter-of-right appeal with this Court challenging the circuit court's order. *Jackson v.*

---

[2] This new indictment included charges of possession of a controlled substance, tampering with physical evidence, resisting arrest, theft by unlawful taking over $300.00, use/possession of drug paraphernalia, and criminal trespass. The indictment included further charges of fleeing or evading the police, possession of a controlled substance, and use/possession of drug paraphernalia that were dismissed.

2

*Commonwealth*, 319 S.W.3d 343 (Ky. 2010). Therein, Petitioner argued that the circuit court lacked jurisdiction to revoke his probation given that the five-year probation period established in the two 2003 judgments against him had lapsed. *Id.* The Commonwealth moved to dismiss or transfer the appeal, arguing that a probation revocation order did not constitute a "judgment . . . imposing a sentence" for purposes of Section 110(2)(b) of the Kentucky Constitution,[3] and, therefore, Petitioner was not entitled to an appeal as a matter of right to this Court. *Id.* at 344-45. Agreeing with the Commonwealth, we dismissed the appeal and directed the Court of Appeals to accept a belated appeal if one was filed by Petitioner. *Id.* at 346-47.

In October 2010, the Court of Appeals granted Petitioner's motion to file a belated appeal. After the filing of Petitioner's reply brief in June 2011, the appeal was submitted for a decision.[4] In November 2013, Petitioner filed this original action seeking to compel the Court of Appeals to act on his appeal.

## II. ANALYSIS

Petitioner has filed an original action in this Court requesting summary reversal of the Jefferson Circuit Court's order revoking his probation or, in the alternative, a writ of mandamus compelling the Court of Appeals to rule on his motions or the merits of his case. Before this Court will reach the merits of

---

[3] Section 110(2)(b) of the Kentucky Constitution provides for direct matter-of-right appeals to the Supreme Court from any "judgment of the Circuit Court imposing a sentence of death or life imprisonment or imprisonment for twenty years or more . . . ."

[4] Under CR 76.26, "Appeals will be submitted for consideration on the merits by the appellate court when all briefs have been filed . . . ."

3

Petitioner's original action, we must first establish whether each claim in the petition was filed in the proper forum.

## A. The Supreme Court's Authority to Exercise Supervisory Control over the Court of Justice

Petitioner acknowledges that both claims in his original action are seemingly prohibited by CR 76.36(1), which states, in pertinent part, "[o]riginal proceedings in an appellate court may be prosecuted only against a judge or agency whose decisions may be reviewed as a matter of right by that appellate court." The Supreme Court is undoubtedly an appellate court. Therefore, by the plain language of CR 76.36(1), original proceedings may be brought in the Supreme Court only against a judge whose decisions may be reviewed as a matter of right by the Supreme Court. Petitioner's case is currently before the Court of Appeals. The only Court of Appeals decisions reviewable as a matter of right by the Supreme Court are original actions filed in the Court of Appeals (i.e., a writ of mandamus/prohibition filed in the Court of Appeals) and worker's compensation appeals under CR 76.25. *See Vessels v. Brown-Foreman Distillers Corp.*, 793 S.W.2d 795 (Ky. 1990). Because Petitioner's case before the Court of Appeals is not itself an original action or a worker's compensation decision, his appeal is not reviewable as a matter of right in the Supreme Court. *Id.* Consequently, CR 76.36(1) bars Petitioner from filing an original action in this Court.

Nonetheless, Petitioner argues that, even though his original action is barred by CR 76.36(1), we should still review his claims because the rule is unconstitutional. Petitioner asserts that CR 76.36(1) violates Section 115 of

4

the Kentucky Constitution, which requires procedural rules to "provide for expeditious and inexpensive appeals." In support of his argument, Petitioner contends that CR 76.36(1) fails to provide for expeditious appeal because the rule prevents most litigants from remedying inaction on the part of the Court of Appeals. For example, CR 76.36(1) prevents parties such as Petitioner from bringing an original action for mandamus in this Court against the Court of Appeals in order to compel the court to act. Therefore, because of CR 76.36(1), the Court of Appeals can interminably avoid ruling on Petitioner's appeal. According to Petitioner, to the extent that CR 76.36(1) deprives litigants of any recourse against a dilatory ruling by the Court of Appeals, the rule frustrates Section 115's expeditious appeal mandate.

Furthermore, Petitioner contends that the Supreme Court may address the claims in his original action under the Court's broad authority to act in the orderly administration of justice regardless of the dictates of CR 76.36(1). In support of this argument, Petitioner cites *Abernathy v. Nicholson*, in which this Court stated, to wit:

> Initially, it should be conceded that this Court possesses the raw power to entertain any case which fits generally within the rubric of its constitutional grant of authority. As Section 110(2)(a) of the Constitution contains a provision which grants the Supreme Court supervisory control of the Court of Justice, virtually any matter within that context would be subject to its jurisdiction.

899 S.W.2d 85, 88 (Ky. 1995). As alluded to in *Abernathy*, Section 110(2)(a) of the Constitution of Kentucky states, in pertinent part, "[t]he Supreme Court shall have . . . the power to issue all writs . . . as may be required to exercise control of the Court of Justice."

5

In *Vessels*, this Court had occasion to consider a conflict between a civil rule, CR 76.25(12), and a constitutional provision, Ky. Const. § 115. 793 S.W.2d 795. In that case, we determined that Section 115 afforded appeals to the Supreme Court as a matter of right from the Court of Appeals in workers' compensation cases. *Id.* at 798. However, CR 76.25(12) limited appeals of Court of Appeals workers' compensation decisions to discretionary review. *Id.* at 797. Ultimately, we held that Cr 76.25(12) was unconstitutional because it conflicted with Section 115. *Id.* at 798.

Similarly, to the extent CR 76.36(1) conflicts with Section 110(2)(a) of the Kentucky Constitution, we must declare the rule unconstitutional. Section 110(2)(a) affords the Supreme Court the authority to issue all writs necessary to "exercise control of the Court of Justice." Therefore, in the event that the Court of Appeals neglects or refuses to rule on a pending appeal, Section 110(2)(a) provides this Court the authority to compel the Court of Appeals to act through issuance of a writ of mandamus. CR 76.36(1) cannot override Section 110(2)(a) and limit this Court's ability to issue writs against the Court of Appeals. *See id.* ("Only the people by amendment or by convention have the power to amend or change the constitution.").

However, we still find it prudent to comply with CR 76.36(1) in those circumstances in which the rule does not conflict with this Court's ability to "exercise control over the Court of Justice" under Section 110(2)(a). Ordinarily, CR 76.36(1) supports judicial economy by encouraging the normal appellate

6

process and preventing petitioners from circumventing the Court of Appeals by filing original actions in the Supreme Court.

In holding that this Court retains the constitutional power to compel the Court of Appeals to act through the writ of mandamus, we also remove any concern that CR 76.36(1) fails to provide for expeditious appeals as required by Section 115 of the Kentucky Constitution. Having determined that CR 76.36(1) cannot bar this Court from issuing those writs necessary to exercise control over the Court of Justice, we turn to the first claim in Petitioner's original action, a request for summary reversal of the trial court's order revoking his probation. Before reaching the merits of Petitioner's claim, we will consider whether it is a valid invocation of our authority to exercise supervisory control over the Court of Appeals. Otherwise, that portion of CR 76.36(1) that does not conflict with Section 110(2)(a) will bar the claim from being filed in this Court.

## B. Petitioner's Request for Summary Reversal of the Circuit Court's Order

Petitioner requests summary reversal of the Jefferson Circuit Court's order revoking his probation, arguing that the Court of Appeals will not act and that summary reversal is his only recourse. However, the summary reversal requested by Petitioner would do nothing to address the Court of Appeals' failure to rule on his motions and the merits of his case. Instead, it would address Petitioner's underlying allegation against the trial court, which forms the basis of his appeal—that the trial court acted outside its jurisdiction by revoking his probation after the five-year probationary period had passed.

In requesting summary reversal of the trial court's order, Petitioner does not ask us to exercise supervisory control over the Court of Justice, but rather to wrest a decision previously made from the trial court. This is not the authority envisioned for the Supreme Court in Section 110(2)(a). When a trial court neglects or refuses to act, it is the function of an appellate court to compel it to do so. *Courier-Journal and Louisville Times Co. v. Peers*, 747 S.W.2d 125, 126-27 (Ky. 1988) (citations omitted). However, "[i]t is not the function of an appellate court . . . to direct a trial court on how to exercise its discretion." *Id.* at 126.

Because Petitioner's request for summary reversal does not invoke this Court's authority to exercise supervisory control over the Court of Justice, we find that Petitioner's request for summary reversal is improperly filed in this forum in violation of CR 76.36(1). In this instance, CR 76.36(1) properly acts to preserve the appellate process by rejecting Petitioner's original action for summary reversal, thereby preventing Petitioner from evading the Court of Appeals. Accordingly, Petitioner's request for summary reversal is dismissed without reaching its merits. Furthermore, we caution those who would bring further actions in this vein that the response going forward will be summary dismissal under CR 76.36(1).[5]

---

[5] Additionally, we note that Petitioner's request for summary reversal is inappropriate in this Court because Petitioner ignored the accepted protocol for challenging an order of revocation. When a trial judge issues an order revoking probation, the aggrieved party may file a petition for writ of prohibition or mandamus against the circuit court in the Court of Appeals. *See Lasley v. Shake*, 2013 WL 674837 (Ky. Feb. 21, 2013) (affirming Court of Appeals' denial of a petition for writ of mandamus to reinstate revoked probation); *Conrad v. Evridge*, 315 S.W.3d 313 (Ky.

## C. Petitioner's Request for a Writ of Mandamus

Petitioner's second claim in this original action is a request for a writ of mandamus directing the Court of Appeals to: 1) rule on his motion to expedite his appeal, 2) rule on his motion for summary reversal, and, if necessary, 3) render a decision on the merits of his appeal. Several days prior to Petitioner filing his original action with this Court, the Court of Appeals issued an order denying Petitioner's motion for summary reversal and abating his appeal. Thus, Petitioner's first two requests have been rendered moot and we need only address the question of whether Petitioner is entitled to a writ of mandamus compelling the Court of Appeals to rule on the merits of his case.

As explained above, we have determined that this Court has the authority to direct the Court of Appeals to act under Section 110(2)(a) of the Kentucky Constitution. Therefore, CR 76.36(1) cannot mandate that this Court must dismiss Petitioner's request for mandamus as an original action improperly filed in the Supreme Court. However, simply because this Court has the authority to reach the merits of the mandamus portion of Petitioner's original action does not mean that it must do so in this instance.

In its response and motion to dismiss, the Court of Appeals, citing *Abernathy*, concedes that the Supreme Court has inherent authority to rule on original actions as required to control the Court of Justice. Therefore, if ruling

---

2010) (affirming Court of Appeals' grant of a writ of prohibition where the trial court acted outside its jurisdiction in revoking petitioner's probation). Petitioner should have followed the ordinary procedural approach rather than attempting to subvert the appellate process by filing an original action in this Court.

9

on Petitioner's request for mandamus is necessary to exercise supervisory control over the Court of Justice, then this Court has jurisdiction to consider the writ even though it is an original action. However, the Court of Appeals argues that the Supreme Court is not per se required to hear such original actions because the exercise of this jurisdiction is discretionary. Respondents caution that the Supreme Court's ability to entertain cases as original actions should be used sparingly and that Petitioner's writ does not constitute a proper case for invocation of that power.

This Court previously addressed its inherent power to entertain original actions in *Abernathy*:

> The Constitutional language here under review grants this Court jurisdiction "as may be required to exercise control over the Court of Justice." Such language is of a decidedly discretionary tone. The Court is not thereby required to do anything under this provision, but may exercise control if its discretion so indicates. In view of the essential nature of appellate courts, only in well defined or compelling circumstances should an original action be entertained therein.

899 S.W.2d at 88. Respondents are correct that the Supreme Court is not obligated to consider Petitioner's writ request and should only do so in "compelling circumstances." Given the explanations for the delay in ruling provided by Respondents, we find that Petitioner's request for a writ of mandamus lacks the "compelling circumstances" necessary for this Court to address a request for writ of mandamus.

In recent years, the Kentucky Court of Appeals has managed a demanding caseload. Therefore, although delays that are not fully justified may occasionally occur, only in the most exceptional circumstances would this

10

Court consider an original action to require the Court of Appeals to render a decision in a pending case.

Petitioner criticizes the Court of Appeals for failing to rule on the merits of his appeal, which was submitted for a decision on June 13, 2011. In their response, the Court of Appeals provides an explanation for their delay in adjudicating Petitioner's appeal. Shortly after the initial panel assignment of the case, Judge Thomas Wine recused himself, which necessitated reassignment of the appeal to a different panel. The new panel issued a notice of assignment on August 18, 2011.

Thereafter, on September 19, 2012, Petitioner filed a motion to cite additional authority. Petitioner's motion alleged that the opinion rendered in *Dulin v. Commonwealth*, 2011-CA-000602-MR, 2012 WL 4036657 (Ky. App. Sep. 14, 2012), was dispositive of the issue of whether the circuit court lacked jurisdiction to revoke his probation. Following the Court of Appeals' decision in *Dulin*, the Commonwealth filed a motion for discretionary review of the case with this Court. Discretionary review of *Dulin* was later granted by order of this Court.

The Court of Appeals attributes much of the delay in ruling on Petitioner's appeal to the pending review of *Dulin* in this Court. Respondents assert that an opinion by this Court in *Dulin* has the potential to dispose of the issues asserted in Petitioner's appeal. In its order denying Petitioner's motion for summary reversal and abating appeal until this Court resolves *Dulin*, the Court of Appeals admits that it had previously "informally" abated Petitioner's

11

appeal. Respondent's brief cites "prudence and judicial economy" as reasons for the formal abeyance issued in the order. Respondents also explain that panels of the Court of Appeals "routinely" abate cases pending resolution of potentially dispositive cases pending in this Court.

Additionally, Respondents note that in November 2012, Senior Judge Joseph Lambert, the presiding judge of the new panel, retired, necessitating another reassignment. We find that the Court of Appeals' explanation of the various factors contributing to its delay in ruling on Petitioner's appeal is sufficient to mandate dismissal of Petitioner's requested writ without reaching its merits. On these facts, the Court of Appeals' decision to delay its ruling on the merits of the case was sound, for it will enable it to consider potentially dispositive precedent soon to issue from this Court in the *Dulin* case.

Moreover, mandamus is an extraordinary remedy at least in part because of the mutual respect this Court has for its fellow jurists. The Court of Appeals has offered a satisfactory explanation for its delay in reaching the merits of this case. In light of the Court of Appeals' abatement of Petitioner's appeal and its explanation for the delay in reaching a ruling, we find it unnecessary for this Court to reach the merits of Petitioner's original action seeking mandamus. For the foregoing reasons, that portion of Petitioner's original action requesting a writ of mandamus is dismissed.

What is more, we issue this word of caution that nothing in this Opinion should be construed as an open invitation to petitions for mandamus seeking to compel the Court of Appeals to act. As explained above, we will not reach

12

the merits of writs directed at the ordinary delays of an appeal. Such writs seek to subvert the appellate process. Therefore, the response of this Court will be dismissal.

### III. CONCLUSION

We dismiss Petitioner's original action for summary reversal as not properly filed in this forum. In addition, we decline to employ our discretionary jurisdiction to exercise control over the Court of Justice for the purpose of considering Petitioner's original action for writ of mandamus and dismiss the writ without reaching its merits.

Minton, C.J.; Cunningham, Keller, Noble, Scott, and Venters, JJ., concur. Abramson, J., concurs in result only.

COUNSEL FOR PETITIONER:

Daniel T. Goyette, Louisville Metro Public Defender of Counsel
Bruce P. Hackett, Chief Appellate Defender


COUNSEL FOR RESPONDENTS:

Ann P. Swain, Chief Staff Attorney, Kentucky Court of Appeals


COUNSEL FOR COMMONWEALTH OF KENTUCKY, REAL PARTY IN
INTEREST:

Jack Conway, Attorney General of Kentucky
Gregory C. Fuchs, Assistant Attorney General