RENDERED: NOVEMBER 13, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1375-MR

COLBY ARNOLD                                                APPELLANT

                       APPEAL FROM LOGAN CIRCUIT COURT
v.                       HONORABLE TYLER L. GILL, JUDGE
                     ACTION NOS. 13-CR-00256 AND 15-CR-00184

COMMONWEALTH OF KENTUCKY                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, KRAMER, AND MAZE, JUDGES.

KRAMER, JUDGE: Colby Arnold appeals several orders of the Logan Circuit Court denying a variety of post-conviction motions he filed on March 4, 2019. Finding no error, we affirm.

This case involves two separate indictments against Arnold in Logan Circuit Court, 13-CR-00256 and 15-CR-00184. As to the former, Arnold was

indicted by a Logan County grand jury on December 13, 2013, for one count of trafficking in marijuana over five pounds; one count of endangering the welfare of a minor; one count of possession of drug paraphernalia; and for being a second-degree persistent felony offender. On May 1, 2014, Arnold pled guilty to the trafficking charge; his remaining charges were dismissed, and on June 13, 2014, he was sentenced to ten years' imprisonment, probated for five years. On May 1, 2015, the Commonwealth then moved to revoke Arnold's probation in 13-CR-00256 because Arnold had been charged with new offenses in 15-CR-00184, discussed below. On May 14, 2015, the trial court granted the Commonwealth's motion and ordered Arnold to serve his sentence of imprisonment.

As to 15-CR-00184, Arnold's new charges stemmed from an April 29, 2015 incident in which Arnold led police on a high-speed car chase. Arnold was indicted for charges of speeding; reckless driving; first-degree fleeing and evading police; first-degree wanton endangerment; possession of marijuana; possession of drug paraphernalia; one count of first-degree possession of a controlled substance (cocaine); failure to wear a seatbelt; first-degree trafficking in cocaine (greater than four grams); third-degree trafficking in a controlled substance; controlled substance prescription not in original container; disregarding a traffic control device; tampering with physical evidence; and for being a first-degree persistent felony offender. On February 9, 2016, Arnold pled guilty and agreed to a sentence

of twenty years' imprisonment consecutive to his sentence in 13-CR-00256. Notably, his first-degree trafficking in cocaine charge (four grams or greater) was amended to a Class D felony, and his first-degree persistent felony offender charge was amended to a charge of second-degree persistent felony offender. Final judgment was entered on April 5, 2016. On June 7, 2016, Arnold, represented by counsel, filed a motion for shock probation, which was denied.

With that said, we now turn to the substance of this appeal which, ostensibly, involves four post-conviction motions Arnold filed on March 4, 2019. As a caveat, much of what Arnold argued in those motions is not argued before this Court or has otherwise been abandoned.[1]

The first motion Arnold filed on March 4, 2019, related to 13-CR-00256 and 15-CR-00184 was a CR[2] 60.02(e) and (f) motion. The trial court disposed of this motion by way of an order entered April 8, 2019. The order in question, handwritten on the face of Arnold's motion, stated: "This motion is

---

[1] Any arguments appearing in Arnold's various motions that are not specifically addressed in this Opinion have not been argued by Arnold in this appeal. Accordingly, those arguments have been abandoned by Arnold. *See*, *e.g.*, *Osborne v. Payne*, 31 S.W.3d 911, 916 (Ky. 2000) (citation omitted) ("Any part of a judgment appealed from that is not briefed is affirmed as being confessed.").

[2] Kentucky Rule of Civil Procedure.

denied – no grounds/facts are alleged that if true, would be grounds to grant the motion or an excuse for unnecessary delay. D was sentenced 6/5/14."[3]

The second motion Arnold filed on March 4, 2019, was his CR 60.02 motion to modify final judgment for credit on probation time. The trial court disposed of this motion from Arnold by way of another order entered April 8, 2019. The trial court's order, also handwritten on the face of Arnold's motion, similarly stated: "The Defendant was sentenced 6/5/14 – more than 4 years ago. 60.02 motions must be made w/in a reasonable time. No grounds are alleged that, if true, would excuse the delay or be grounds for granting the motion. The motion is denied."

As to the third motion Arnold filed on March 4, 2019, Arnold styled it as an RCr[4] 11.42 motion to vacate, set aside, or modify final judgment based on the ineffective assistance of counsel. He filed this unverified motion in 13-CR-00256, along with a verified memorandum of law in support thereof. In the caption, Arnold specified this motion only applied to 13-CR-00256.

The trial court considered Arnold's RCr 11.42 motion during a May 30, 2019 hearing. There, the Commonwealth noted the substance of Arnold's RCr

---

[3] "6/5/14" is a reference to the date the trial court's order was signed. As indicated, this judgment was entered June 13, 2014.

[4] Kentucky Rule of Criminal Procedure.

11.42 motion took issue with the attorney who represented Arnold during his revocation hearing, not during the proceedings that had led to Arnold's June 13, 2014 conviction in 13-CR-00256. The Commonwealth also argued Arnold's motion was untimely, as Arnold had filed it more than three years after the trial court had entered its final, un-appealed judgment in that matter.

In a June 3, 2019 order, the trial court subsequently agreed with the Commonwealth's position and denied Arnold's motion. In its handwritten order, the trial court noted:

> D [defendant's] FJ [final judgment] 6/5/2014
> Π argues 3 year time limit expired – 6/2017
> All Motions Denied
> This is a final Order

Lastly, the fourth motion Arnold filed on March 4, 2019, once again asked the trial court for shock probation. The trial court denied Arnold's request on April 8, 2019, in a handwritten order across the face of Arnold's motion, stating: "This motion is summarily denied. The Court lost jurisdiction to grant a shock motion when the 1st shock motion was denied."

Keeping the above in mind, we now turn to what Arnold has presented on appeal. At the onset, we note that Arnold has *identified*, as a subject of his appeal, the circuit court's order which, on jurisdictional grounds, denied his March 4, 2019 request (*e.g.*, his *second* request) for shock probation. However,

nowhere in his appellate brief does Arnold *contest* the trial court's decision.

Accordingly, there is nothing to review in this respect.

Arnold also does not contest the central premises of the trial court's

remaining orders disposing of his various motions in this matter (*i.e.*, that due to

exceeding the limitations periods specified in CR 60.02[5] and RCr 11.42, his

remaining motions warranted dismissal). Arnold only addresses this issue by

stating in his reply brief:

> The Court thru 2 different Circuit Judges denied the
> Motions and at no time did the Circuit Court send any
> Motions or Orders to the Appellant stating any of the
> Motions were outside the time Limit for filing. As the
> Court ruled on the Motions and allowed them to proceed
> to the point they were denied, the Motions were
> appealable to this court.

It is puzzling that Arnold would state "at no time did the Circuit Court

send any Motions or Orders to the Appellant stating any of the Motions were

outside the time Limit for filing"; indeed, in the appendix of his own appellate

brief, Arnold included *each* of the trial court's handwritten orders which denied his

various motions on the bases of the operative limitations periods of RCr 11.42 and

---

[5] A CR 60.02 motion "shall be made within a reasonable time," and the motion must be made "not more than one year after the judgment" for grounds (a), (b), and (c). *Id.* Under CR 60.02(f), "a judgment may be set aside for a reason of an extraordinary nature justifying relief from the operation of the judgment. However, because of the desirability of according finality to judgments, this clause must be invoked only with extreme caution, and only under most unusual circumstances." *Cawood v. Cawood*, 329 S.W.2d 569, 571 (Ky. 1959).

CR 60.02.[6]  Be that as it may, Arnold's decision to ignore the trial court's reasons for denying his CR 60.02 and RCr 11.42 motions does not help, but rather dooms, his appeal. "An appellant's failure to discuss particular errors in his brief is the same as if no brief at all had been filed on those issues." *Milby v. Mears*, 580 S.W.2d 724, 727 (Ky. App. 1979) (citation omitted); *see also Grange Mut. Ins. Co. v. Trude*, 151 S.W.3d 803, 815-16 (Ky. 2004). And, "the trial court's determination of those issues not briefed upon appeal is ordinarily affirmed." *Milby*, 580 S.W.2d at 727 (citations omitted).

Apart from that, however, we likewise affirm because Arnold's appellate arguments are unpreserved, not properly before us, or otherwise lack merit. In his brief before this Court, Arnold captions his first appellate argument as follows:

ARGUMENT I

CONVICTION ON 13-CR-000256 DUE TO
PROBATION BEING REVOKED AND ON 15-CR-
00184 FOR NEW CRIMES MUST BE VACATED OR
SET ASIDE DUE TO COUNSEL BEING
INEFFECTIVE IN ALL COURT PROCEEDINGS.

---

[6] To be sure, on December 23, 2019, this Court granted Arnold leave to file a belated appeal, which reflects there may have been some delay in effectively providing Arnold copies of the trial court's relevant orders in this matter. Consistent with that notion, the trial court entered an additional order on August 27, 2019, reiterating the substance of its orders at issue in this matter, and stating that for the "third time" Arnold's motions were denied – and further indicating that the *second* time it had intended to deny all of Arnold's motions had been through its June 3, 2019 order.

-7-

Thereafter, on page 10 of his brief, he elaborates upon his argument:

> The 1st argument stands out, due to Counsel's actions to force Appellant into allowing the Commonwealth and Judge Tyler to violate the Appellant's Probation, this was done by Counsel stating if Appellant would state he had committed the crimes he was charged with in 15-CR-00184 and would allow the Court to violate his probation, Counsel would see he got a 3 year plea deal run concurrent with 13-CR-00256.
>
> When Appellant agreed to the 3 year plea deal, and stated what the Counsel & the Commonwealth wanted him to, and the Court violated his probation, the Commonwealth used the revocation to charge Appellant with a P.F.O. 1 and told Appellant, there was no 3 year deal, the Commonwealth stated the only Plea Deal now was for 20 years to run consecutive to the 10 years the Commonwealth and Counsel deceived the Appellant into accepting by letting them violate his probation before he was convicted of committing new crimes.

There are apparently two facets of this argument. First, Arnold appears to believe, incorrectly, that he was not *convicted* of the offense he pled guilty to in 13-CR-00256 *until* the trial court entered its orders revoking his probation and requiring him to serve his sentence of ten years' imprisonment.[7] That, in turn, may explain his other incorrect assertion that "the Commonwealth

---

[7] While probation might *follow* a conviction, it does not *effectuate* a conviction. *See*, *e.g.*, *Jackson v. Commonwealth*, 319 S.W.3d 343, 346 (Ky. 2010) ("Although probation revocation results in service of the sentence previously imposed, it is a matter that is entirely collateral to the judgment of conviction.").

used the revocation to charge Appellant with a P.F.O. 1"[8] and might shed light upon Arnold's unexcused delay in filing his RCr 11.42 motion and memorandum at issue in this matter.

To be clear, Arnold's RCr 11.42 motion was untimely. The trial court sentenced Arnold in 13-CR-00256 pursuant to a final judgment entered June 13, 2014, which Arnold chose not to appeal, and Arnold did not file his motion until March 4, 2019. The three-year period for filing an RCr 11.42 motion begins to run on the date a defendant is effectively sentenced pursuant to a final judgment, not on the date a defendant's probation is revoked and the sentence is imposed. *See*, *e.g.*, *Clark v. Commonwealth*, 476 S.W.3d 895 (Ky. App. 2015); *see also Palmer v. Commonwealth*, 3 S.W.3d 763, 765 (Ky. App. 1999) (explaining the three-year period for filing such a motion runs after the final judgment of the appellate court on direct appeal or the judgment of the trial court in the event no direct appeal is taken). Moreover, there exists no cognizable claim for ineffective

---

[8] Arnold correctly understands that the statute delineating the requisites for persistent felony offender in the first degree could not have applied to him, based upon his criminal record (which contains no instance of felony sex crimes against a minor as defined in Kentucky Revised Statute (KRS) 17.500), *unless* he had at least two prior felonies. *See* KRS 532.080(3). However, for purposes of the statute, Arnold *did* have two prior felony convictions: He was convicted in Warren Circuit Court for trafficking in a controlled substance (07-CR-00327); and, as KRS 532.080(3)(c)2 plainly illustrates, his prior felony conviction from Logan Circuit Court (13-CR-00256) – for which he was serving probation at the time he committed his new felony offenses in 15-CR-00184 – *also* counted toward that calculus.

assistance of a counsel relative to post-conviction proceedings. *See Hollon v. Commonwealth*, 334 S.W.3d 431, 437 (Ky. 2010).

Second, Arnold appears to be arguing that his decision not to oppose the revocation of his probation, and his decision to plead guilty to what he was charged with in 15-CR-00184, were products of coercion from his counsel; specifically, that he only made those decisions because his counsel falsely represented that, in exchange, Arnold would only serve a maximum sentence of ten years' imprisonment (*i.e.*, "a 3 year plea deal run concurrent with [the ten-year sentence he was serving in] 13-CR-00256").

While there are several problems with Arnold's argument, we need only address the most prominent which involves the matter of preservation. In his brief, Arnold fails to indicate where he raised this argument before the trial court. And, upon review of the record, the reason for Arnold's failure to do so is evident: He did *not* raise it before the trial court in any hearing, pleading, or memorandum in either 13-CR-00256 or 15-CR-00184. Instead, it appears Arnold raised the substance of this particular argument in an April 8, 2019 disciplinary complaint against his former counsel, which he filed with the Kentucky Bar Association – a disciplinary complaint he appended to his appellate brief, but never added to the record. Because Arnold never presented this argument to the trial court, we are not at liberty to review it. "Our jurisprudence will not permit an appellant to feed one

-10-

kettle of fish to the trial judge and another to the appellate court." *Owens v. Commonwealth*, 512 S.W.3d 1, 15 (Ky. App. 2017) (citing *Elery v. Commonwealth*, 368 S.W.3d 78, 97 (Ky. 2012)).

We now proceed to Arnold's second argument, which he captions on page eleven of his appellate brief as "ARGUMENT II.  COUNSEL DEPRIVED APPELLANT OF THE RIGHT EFFECTIVE [sic] COUNSEL, AND THE RIGHT TO AN [sic] FAIR AND INTELLIGENT PLEA DEAL."  In this vein, Arnold asserts a variety of contentions, once again failing to indicate whether and in what manner he raised them below.  To begin, he reasserts his prior unpreserved argument, which we have already addressed and will not revisit.

Arnold also asserts three points relative to his counsel's performance in 15-CR-00184.  But, these three points are not properly before this Court, either. On their face, they assert ineffective assistance of counsel, but none of these contentions relates to Arnold's conviction in 13-CR-00256 (*i.e.*, the proceeding in which Arnold *did* file an RCr 11.42 motion).  Rather, they relate to Arnold's conviction in 15-CR-00184 (*i.e.*, a proceeding in which Arnold did *not* file an RCr 11.42 motion).

Arnold appears to believe judicial economy would best be served by simply disregarding that detail, but it is no mere formality.  In *McDaniel v.*

*Commonwealth*, 495 S.W.3d 115, 124-25 (Ky. 2016), the Kentucky Supreme

Court explained:

> [B]efore a trial court characterizes a *pro se* litigant's unlabeled motion as an "11.42" or recharacterizes a motion the *pro se* litigant has labeled some other way as an "11.42," it must advise the litigant that it is doing so, must warn the litigant about the possible subsequent-motion consequences, and must give the litigant an opportunity to withdraw or to amend his or her motion. If *pro se* litigants are not so admonished, the subject motion cannot later be used against them as a bar to a "subsequent" motion under RCr 11.42. . . .
>
> . . . As the Supreme Court noted in *Castro*, there are thus good reasons in many instances for a *trial court* to characterize or to recharacterize a *pro se* motion or pleading. The court may want "to avoid an unnecessary dismissal, . . . to avoid inappropriately stringent application of formal labeling requirements, . . . or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." *Castro* [*v. United States*, 540 U.S. 375, 381-82, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003)]. RCr 11.42 itself, moreover, contemplates trial court characterization or recharacterization by indicating that application of the Rule hinges on the motion's substance, not the manner in which it is styled. RCr 11.42(4). The rule we announce today is in no way intended to discourage trial courts from characterizing *pro se* motions as "11.42s" when appropriate, it is only meant to ensure that the *pro se* litigant be made aware of the possible consequences and be given an opportunity in light thereof to reconsider.
>
> On the other hand, neither is our ruling here intended to *require* trial courts to characterize *pro se* motions. Where, for example, as seems likely to have occurred in these cases, the trial court determines that regardless of how the motion is characterized it could not

-12-

give rise to any sort of relief—the legal theory being patently off the mark—the court is not obliged to engage in (re)characterization. In that instance, however, unless the litigant himself has expressly invoked RCr 11.42, the motion will not count as an initial "11.42" so as to limit the litigant's subsequent resort to that rule.

In short, if Arnold wished to raise these three points regarding the alleged ineffective assistance of his counsel in 15-CR-00184, he was required to do so in an RCr 11.42 motion. Here, Arnold expressly invoked RCr 11.42, but did so *only* as to 13-CR-00256. If the trial court had wished "to avoid an unnecessary dismissal, . . . to avoid inappropriately stringent application of formal labeling requirements, . . . or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis[,]" *id.* at 124 (citation omitted), the trial court could have followed the guidance of *McDaniel* and exercised its discretion to re-characterize Arnold's RCr 11.42 motion as *also* applying to 15-CR-00184. But, the trial court did not do so, as was its prerogative, and this Court cannot do so in its stead. *Id.* at 125. Accordingly, we will not comment further upon these three points beyond stating we agree with the Commonwealth's position, as set forth in its brief, that if Arnold wishes to raise them, he must do so in an RCr 11.42 motion pertaining to 15-CR-00184.

As for the remainder of Arnold's "ARGUMENT II," it largely tracks what he set forth in his unverified RCr 11.42 motion. To summarize, he asserts that his counsel rendered ineffective assistance by (1) failing to effectively

advocate the merits of his motion for shock probation[9] during his June 9, 2016 shock probation hearing; and (2) failing to appeal the trial court's July 12, 2016 order denying his motion for shock probation.

These points also relate to Arnold's former counsel's allegedly defective representation in 15-CR-00184. However, even if Arnold had raised these points in an RCr 11.42 motion directed at that matter – and he did not – they would not warrant relief, either. Arnold is faulting his counsel's performance with respect to a post-conviction proceeding (*i.e.*, his request for shock probation). But, ineffective assistance of counsel claims have no place in the context of post-conviction proceedings. *See Hollon*, 334 S.W.3d at 437; *Sanders v. Commonwealth*, 339 S.W.3d 427, 435 (Ky. 2011). Moreover, a trial court's merit-based denial of a motion for shock probation *cannot be appealed*. *See Commonwealth ex rel. Hancock v. Melton*, 510 S.W.2d 250, 252 (Ky. 1974); KRS 439.265(2).

We have reviewed the breadth of Arnold's appeal. In sum, he has presented no basis of error. We therefore AFFIRM.

ALL CONCUR.

---

[9] Regarding the merits of his motion for shock probation, Arnold directs much of his focus upon the fact that during the shock probation hearing, his counsel neglected to inform the trial court that he is a licensed barber.

BRIEFS FOR APPELLANT:

Colby Arnold, *pro se*
Lexington, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky