Brad Joseph BRITT, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Andre Leshawn MORRIS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Nos. 97–SC–285–DG, 97–SC–283–DG.

Supreme Court of Kentucky.

March 19, 1998.

Mark Wettle, Appellate Public Advocate, Louisville, for Appellant, Brad Joseph Britt.

J. David Niehaus, Frank W. Heft, Jr., Jefferson District Public Defender, Louisville, for Appellant, Andre Leshawn Morris.

A.B. Chandler, III, Attorney General, Frankfort, David R. Stengel, Jefferson County Commonwealth Attorney, A.C. McKay Chauvin, Assistant Jefferson County Commonwealth Attorney, Louisville, for Appellee, Commonwealth of Kentucky, No. 97–SC–283–DG (Britt).

A.B. Chandler, III, Attorney General, Vickie L. Wise, Assistant Attorney General, Criminal Appellate Division, Perry T. Ryan, Assistant Attorney General, Criminal Appellate Division, Frankfort, for Appellee, Commonwealth of Kentucky, No. 97–SC–285–DG (Morris).

STUMBO, Justice.

Although not consolidated for oral argument, these two cases were argued before the Court on the same day and involve the same issue. The Court, therefore, will resolve both cases in this single opinion.

Appellant Andre Leshawn Morris was arrested in February of 1995 for the robbery of an ice cream shop at gunpoint. He was sixteen years old at the time of the robbery. A juvenile petition was filed on February 22, 1995, and a probable cause hearing later was held in Juvenile Court, whereupon the district court judge determined that probable cause existed to believe Morris committed the robbery with a firearm and that he was over fourteen years of age at the time. Accordingly, pursuant to KRS 635.020(4), Morris was transferred to circuit court.

After the grand jury returned an indictment charging him with first degree robbery, Morris entered a conditional guilty plea to an amended charge of second degree robbery with a recommended sentence of eight (8) years imprisonment. Prior to final sentencing, Morris filed a motion requesting to be sentenced as a "youthful offender" in accordance with KRS Chapter 640. The trial court denied the motion, determining that, pursuant to KRS 635.020(4), Morris was to be sentenced as an "adult offender," not as a "youthful offender," and thus KRS 533.060(1) prohibited granting him probation.

Similarly, Appellant Brad Joseph Britt was arrested in 1995 for robbing a convenience store at gunpoint in June of that year. Because he was seventeen years old at the time of the robbery, Britt was brought before the Juvenile Session of the Jefferson District Court for arraignment. The district court judge conducted a preliminary hearing and found probable cause to believe Britt had committed robbery with a firearm and that he was over fourteen years of age. Accordingly, pursuant to KRS 635.020(4), Britt's case was transferred to circuit court. After the grand jury returned an indictment against him on the robbery charge, Britt pled guilty. In contrast to Morris's case, however, the circuit court judge presiding over Britt's case found that Britt was a "youthful offender" eligible for probation pursuant to KRS 640.040(3). He then imposed a 10–year sentence on Britt, but probated him after six (6) months in jail.

Morris appealed his conviction, and the Commonwealth appealed the circuit court's decision ruling Britt eligible for probation. In both cases, rendered on the same day, a sharply divided Court of Appeals, sitting en banc, held that pursuant to KRS 635.020(4), a juvenile over the age of 14 who commits a felony with a firearm is an "adult offender," to be treated as an adult for all purposes related to that crime, and not to be treated as a juvenile pursuant to Chapter 640. The court reasoned that because KRS 635.020(4) mandates that children transferred to circuit court under its provisions are to be subject to "the same penalties as an adult offender" (except as to the place of incarceration until the age of eighteen), any juvenile transferred pursuant to KRS 635.020(4) for use of a firearm is subject to the KRS 533.060(1) ban on probation and is ineligible for the exemption from that ban afforded to "youthful offenders" by KRS 640.040(3). Accordingly,

the court affirmed *Morris* and reversed and remanded *Britt.*

In 1996, the General Assembly amended KRS 600.020(55) (formerly KRS 600.020(52)). Effective July 15, 1997, the statutory definition of "youthful offender" includes "any person regardless of age, transferred to Circuit Court under the provisions of KRS Chapter 635 or 640 and who is subsequently convicted in Circuit Court." KRS 600 .020(55). The words "635 or" have been added to the definition that was in effect at the time both Britt and Morris were sentenced. Despite these amendments, which Appellants argue clarify the legislature's intent regarding the pre–1997 statutes, the Court of Appeals denied rehearing of both cases.

Considering the significant question of statutory interpretation, the differing results reached by each circuit judge, and the badly splintered Court of Appeals decisions, this Court granted discretionary review of both cases.

Appellants argue that the language of KRS 635.020(4), which states that a child who falls under its provisions shall be tried in the circuit court "as an adult offender," does not preclude a child from also being considered a "youthful offender" under KRS Chapter 640. Consequently, Appellants argue, although such a child "shall be subject to the same penalties as an adult offender," such as the term of years authorized for offenses by KRS 532.030 and KRS 532.060, the child may also take advantage of the ameliorative provisions of KRS 640.040.

The Commonwealth, on the other hand, argues that the plain wording of KRS 635.020(4) removes offenders such as Appellants from the purview of the juvenile code. Because a child transferred to circuit court pursuant to the statute, who is subsequently tried and convicted, is subject to the "same penalties" as an adult offender convicted of having committed the same crime, the prohibition of consideration for probation, shock probation, and conditional discharge set out in KRS 533.060(1) applies. Although "youthful offenders" may be eligible for the ameliorative provisions of KRS 640.040, which, among other things, exempt youthful offenders from the limitations on probation, parole,

and conditional discharge set forth in KRS 533.060, "adult offenders" are not afforded this generous exemption, and this, in itself, constitutes an additional "penalty" to which all adult offenders, including children transferred to circuit court pursuant to KRS 635.020(4), are subject.

Both Appellants' and Appellees' briefs devote significant discussion to the issue of whether the denial of consideration for probation constitutes a "penalty" to which Appellants are subject. Because we believe the evolution of KRS 635.020 and the 1996 amendment of KRS 600.020(55) shed light on the legislative intent behind KRS 635.020(4), we need not resolve that issue today. Instead, we simply hold that KRS 635.020(4) does not create a new category of adult offender that precludes children transferred to circuit court pursuant to it from eligibility for the ameliorative provisions of KRS 640.040. Rather, we believe, as explained below, that subsection (4) of KRS 635.020 was designed merely to facilitate transfer of juveniles accused of committing a felony with a firearm to the circuit court by bypassing the proof required under KRS 640.010.

Because our holding is based upon the evolution of KRS 635.020, we will discuss the various changes the statute has undergone to clarify how we reached our conclusion.

### Pre–1994 Version of Statute

Appellants were transferred to circuit court pursuant to the 1994 version of KRS 635.020(4). The pre–1994 version of KRS 635.020 permitted the county attorney to move for a hearing to determine whether the child should be transferred to circuit court and be dealt with as a "youthful offender" rather than merely as a "public offender" in district court. The decision whether to transfer the child was left to the discretion of the juvenile court judge after considering a number of factors set out in KRS 640.010(2)(b). If a child was transferred to circuit court, the juvenile was then "proceeded against in the Circuit Court as an adult." KRS 640.010(2)(c). This meant that the juvenile was proceeded against pursuant to the Rules of Criminal Procedure and the Rules

of Evidence rather than under the special adjudicatory procedures set out in Chapters 610 and 635 of the Juvenile Code.

Because only circuit courts may impose a term of years for a felony, KRS 640.010(2)(c) was designed to permit transfer of certain juvenile felony offenders from district court to circuit court. Upon conviction of a qualifying offense, however, the juvenile was dealt with as a "youthful offender." Thus, the purpose of KRS 635.020 and KRS 640.010(2) was to permit the court to impose the same term of years upon a juvenile for which an adult would be liable, but to otherwise leave the circuit judge discretion to probate or conditionally discharge the juvenile, send the child for treatment, or send the child to the adult correctional system upon majority.

### Effect of 1994 Amendment

The amendment of KRS 635.020 was part of a comprehensive enactment dealing with firearms control. The amendment added a new paragraph numbered (4) which contained language dealing with firearms offenses. Thus, the new paragraph stated in part that, "Any other provision of KRS Chapters 610 to 645 to the contrary notwithstanding," any child age fourteen (14) or older who commits a firearms felony offense "*shall* be tried in the Circuit Court as an adult offender." (Emphasis added). The effect of the amendment was to facilitate transfer of juveniles accused of committing a felony with a firearm to the circuit court by bypassing the proof required under KRS 640.010(2). This Court upheld the constitutionality of KRS 635.020(4) and its expedited transfer mandate in *Commonwealth v. Halsell*, Ky., 934 S.W.2d 552 (1996).

Although the 1994 version of KRS 635.020(4) used the words "adult offender" to describe how a child transferred pursuant to its provisions was to be treated in circuit court, we believe that the General Assembly did not intend to create an entirely new class of "adult offenders." If it had meant to do so, it would have done so explicitly by giving a definition for the term analogous to the definition of "youthful offender" set out in KRS 600.020. Instead, KRS 635.020(4) was intended to do nothing more than to expedite the transfer of juvenile cases involving fire-

arms felonies. To conclude otherwise would result in unintended and unjust results. For example, a fourteen-year-old transferred on an aggravated murder by firearms charge prior to 1997, unless considered a youthful offender, can be sentenced to death and executed because KRS 640.040(1), which would prohibit execution, applies only to youthful offenders. There is no reason to believe the legislature intended to permit the execution of fourteen-year-olds who use guns when its statutes otherwise prohibit the execution of fifteen-year-olds who use knives or blunt objects to kill others.

### 1996 Amendments

Our conclusion that KRS 635.020(4) is nothing more than a provision designed to simplify the transfer of juvenile felony firearms offenders to circuit court is bolstered by the General Assembly's 1996 amendment to KRS 600.020(55). As noted above, in 1996, the legislature amended the definition of "youthful offender" found in KRS 600.020(55) to add the words "635 or" to the definition. The effect of these amendments is that every child transferred to circuit court pursuant to KRS 635.020(4) after the effective date of July 15, 1997, will be transferred as a youthful offender, and, thus, all ameliorative sentencing procedures authorized for youthful offenders, particularly those set out in KRS 640.030 and 640.040, are available to that child. Appellant maintains this amendment shows that this was the intention of the General Assembly all along. We agree and find the Commonwealth's remaining arguments to the contrary to be without merit.

For the foregoing reasons, we hold that juveniles transferred to circuit court pursuant to the 1994 version of KRS 635.020(4) are to be considered "youthful offenders" eligible for the ameliorative sentencing provisions of KRS Chapter 640. Accordingly, we reverse the Court of Appeals' decisions in both *Britt* and *Morris*, and remand Morris's case for sentencing in accordance with the procedure set out in KRS Chapter 640.

STEPHENS, C.J., and COOPER, GRAVES, JOHNSTONE and LAMBERT, JJ., concur.

WINTERSHEIMER, J., dissents by separate opinion.

WINTERSHEIMER, Justice, dissenting.

I respectfully dissent from the majority opinion because the majority misconstrues the clear language of the statute and misinterprets the equally clear legislative intent by injecting a tortured and erroneous interpretation of both the language and intent of the General Assembly.

The focus of the conflicting circuit court decisions is on the meaning of "shall be subject to the same penalties as an adult offender." This is the same language that remains in the statute even as subsequently amended in 1996.

Both Britt and Morris, being over 14 years of age, but less than 18, when they committed separate armed robberies at Louisville businesses in 1995, came within the meaning of the adult offender language of KRS 635.020(4), which is:

Any other provision of KRS Chapter 610 to 645 to the contrary notwithstanding, if a child charged with a felony in which a firearm was used in the commission of the offense has attained the age of 14 years at the time of the commission of the alleged offense, he shall be tried in the circuit court as an adult offender and shall be subject to the same penalties as an adult offender, except that until he reaches the age of 18 years he shall be confined in a secured detention facility for juveniles or for youthful offenders, unless released pursuant to expiration of sentence or parole, and at age 18 shall be transferred to a facility operated by the Department of Corrections to serve any time remaining on his sentence.

Morris was 16 years old when he committed the armed robbery of an ice cream shop and received a sentence of eight years. Britt was 17 years old when he used a gun in robbing a convenience store. He received a sentence of ten years which was probated after six months in jail. The Court of Appeals, in a 7–5 decision, affirmed the eight-year sentence for Morris and reversed and remanded the probated sentence given to Britt.

The Court of Appeals correctly determined that KRS 635.020(4) created a new classifica-tion under which offenders 14 to 17 years of age, who commit a felony with a firearm, are to be treated as adults for all purposes related to that crime and not treated as juveniles.

Consequently, Britt was not eligible for probation because he had forfeited the protection of the juvenile code by using a deadly weapon in the robbery and he thereby became an adult offender. KRS 533.060(1) denies probation to a person who has been convicted of a felony which involves the use of a weapon from which a shot or projectile may be discharged that is readily capable of producing death or other serious physical injury. The sentence imposed on Morris was correct.

The accused individual, who may be a juvenile, who uses a firearm in the commission of an offense clearly chooses to be treated as an adult offender for all purposes. The choice is reserved to the individual involved in the criminal enterprise and not to the courts to provide a strained interpretation of the language and intent of the General Assembly in order to achieve an erroneous result.

To view this as purely a transfer issue is to ignore reality and common sense. It runs afoul of the express statutory standard for interpreting the action of the legislature. KRS 446.080. The Court of Appeals and Circuit Judge Potter got it right. The use of a firearm when committing a felony elevates the criminal conduct of a juvenile to that of an adult, and therefore adult consequences must necessarily follow. Moreover, there is no necessity to seek refuge in the application of the so-called rule of lenity because the statute in question is not ambiguous.

KRS 446.080 provides in pertinent part that all statutes shall be liberally construed with a view to promote their objects and carry out the intent of the legislature. All words and phrases shall be construed according to the common and approved use of language except certain technical words and phrases. Surely the language and the intent of the legislature were abundantly clear when they stated that offenders between the ages of 14 and 17 who commit a felony with a firearm are to be treated as adults for all purposes related to that crime notwithstanding the provisions of the juvenile code. The

decision of the Court of Appeals was correct and should be upheld in all respects.

I would affirm the convictions in all respects.