Robert CLARK, Appellant

v.

COMMONWEALTH of Kentucky,
Appellee

NO. 2014-CA-001800-MR

Court of Appeals of Kentucky.

RENDERED: DECEMBER
4, 2015; 10:00 A.M.

BRIEFS FOR APPELLANT: Robert Clark, Pro Se, Central City, Kentucky

BRIEF FOR APPELLEE: Jack Conway, Attorney General of Kentucky, Thomas A. Van De Rostyne, Assistant Attorney General, Frankfort, Kentucky

BEFORE: J. LAMBERT, MAZE, AND TAYLOR, JUDGES.

*OPINION*

J. LAMBERT, JUDGE:

Robert Clark has appealed from the October 13, 2014, order of the Hopkins Circuit Court denying his motion for Kentucky Rules of Criminal Procedure (RCr) 11.42 relief without an evidentiary hearing. Because we agree that the RCr 11.42 motion was not timely filed, we affirm the order on appeal.

In 2008, the Hopkins County grand jury charged Clark with theft and forgery under three different indictments. In Indictment No. 08–CR–00014, Clark was charged with receiving stolen property valued at more than $300.00 pursuant to Kentucky Revised Statutes (KRS) 514.110 related to miscellaneous household goods that were stolen from a storage locker on September 21, 2007. In Indictment No. 08–CR–00185, he was charged with theft by unlawful taking valued at $300.00 or more pursuant to KRS 514.030 for taking an automobile in March 2007. And in Indictment No. 08–CR–00236, he was charged with ten counts of second-degree forgery pursuant to KRS 516.030 for forging checks on his wife, Shawna Clark's, account between February 16, 2008, and February 21, 2008. Clark was also

charged with the status offense of being a first-degree persistent felony offender (PFO I) pursuant to KRS 532.080 in all three indictments. The three indictments were eventually consolidated.

In January 2008, the Commonwealth proposed a plea deal covering the three cases. In exchange for pleading guilty, the PFO I charges would be dismissed, and the Commonwealth would offer five-year sentences on the remaining charges in the first two indictments and one-year sentences on the ten forgery charges in the third indictment. The sentences were to run consecutively for a total of twenty years. Because Clark admitted that he had "a significant drug problem which caused him to commit" the offenses, he requested that he be permitted to participate in Drug Court. The Commonwealth stated that if he were accepted, Clark's twenty-year sentence would be probated into Drug Court and he would be required to successfully complete the program. The Commonwealth was clear that "[f]ailure to make restitution as ordered or failure to successfully complete Drug Court would result in the probation being set aside and the defendant being required to serve a 20 year sentence."

Clark appeared with his attorney, William A. Nisbet IV, at a guilty plea hearing on February 4, 2009, where the circuit court accepted his plea as set forth in the Commonwealth's plea agreement, including a referral to Drug Court and dismissal of the PFO I charges.[1] On February 20, 2009, a final judgment and sentence on plea of guilty was entered in each of the cases, probating his sentences and transferring the cases to Drug Court. A restitution order was entered in the second and third cases, requiring him to pay a total of $3,233.98 in restitution. The judgments established an installment schedule for payment of the ordered restitution in the amount of $100.00 per month beginning March 15, 2009. Clark was also ordered to pay $180.00 in court costs and fees in the second and third cases, and $159.00 in court costs and fees in the first case by April 1, 2009. An order of probation was entered the same day, probating his sentence for five years subject to several conditions, including not committing another offense, being employed, paying restitution and court costs, and successfully completing Drug Court. Lastly, the cases were transferred to Drug Court, where Clark was ordered to report on February 26, 2009.

Over the next few years, Clark was ordered to appear before the circuit court several times to show cause why he should not be held in contempt and have his probation revoked for failure to make payments on his restitution obligation or on the court costs and fees. At the time the last order was filed in December 2011, Clark owed $159.00 in costs on the first case, $208.00 in costs on the second case, and $1,146.98 on the third case, which included both restitution and costs. Clark had not made a payment since August 31, 2011. In 2012, the record reflects that Clark was arrested for theft by deception under $500.00 and for receiving stolen property under $500.00.

On May 10, 2013, the Commonwealth moved to revoke Clark's probation. Between July 18, 2011, and October 19, 2012, Clark had been convicted of eleven misdemeanor charges of theft by deception and had failed to make full restitution as ordered by the court. Clark still owed $966.98 and had not made a payment since

---

1. We note that in one of the judgments, the theft by unlawful taking charge was amended to under $300.00 rather than over $300.00 on the Commonwealth's motion.

August 31, 2011.[2] A revocation hearing was held in July 2013, after which the circuit court entered an order revoking Clark's probation on August 1, 2013, citing the eleven new misdemeanor convictions and his failure to pay full restitution. On August 5, 2013, the court amended the judgment in the second case to show that Clark had been convicted of theft by deception over $300.00.[3]

Thereafter, Clark began sending letters and filing motions related to his convictions. In an October 11, 2013, letter to the trial judge, Clark questioned the propriety of receiving a ten-year sentence on his forgery convictions, the amendment of the judgment in the theft by deception conviction, and whether a motion for shock probation had been filed. In a February 2014 letter to the trial judge, Clark raised the issue of his trial counsel's drug and alcohol use at the time of his representation and his eventual disbarment. He also raised the circumstances of his guilty plea, stating that he thought his probation was conditioned on completing Drug Court and not receiving any further felony charges. He had only received misdemeanor convictions while on probation. Clark also filed a total of six motions for shock probation, which were all denied. In June 2014, Clark filed *pro se* motions for appointment of counsel and for the Commonwealth to produce evidence for inspection and discovery. A few days later, Clark filed a *pro se* motion for sentence modification, requesting concurrent sentences pursuant to KRS 532.110 to reduce his total sentence to ten years. On June 30, 2014, the circuit court entered an order denying all of the pending motions.

Pertaining to this appeal, on August 8, 2014, Clark filed a *pro se* motion to vacate

his sentence pursuant to RCr 11.42. He also moved for appointment of counsel and for an evidentiary hearing. As grounds for his motion, Clark alleged that he received ineffective assistance from his trial counsel when counsel failed to seek the trial judge's disqualification, failed to conduct a pretrial investigation into the forgery charges, and failed to protect him after his representation concluded by allowing the Commonwealth to amend one of his sentences from a misdemeanor to a felony. He also alleged that cumulative errors required that his sentence be vacated.

The circuit court denied Clark's motions for RCr 11.42 relief and for an evidentiary hearing on October 13, 2014. The court found that the motion had not been timely filed within three years after his sentencing in 2009 pursuant to RCr 11.42(10), citing *Commonwealth v. Carneal*, 274 S.W.3d 420 (Ky.2008). This appeal now follows.

On appeal, Clark continues to argue that his attorney was ineffective, while the Commonwealth asserts that the circuit court's order should be affirmed because Clark's motion for relief was untimely filed.

The applicable standard of review in RCr 11.42 post-conviction actions is well-settled in the Commonwealth. Generally, in order to establish a claim for ineffective assistance of counsel, a movant must meet the requirements of a two-prong test by proving that: 1) counsel's performance was deficient and 2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *accord Gall v.*

---

**2.** Clark apparently received a credit toward costs and fines.

**3.** The amendment was done at the request of the Department of Corrections, per a memo in the record.

*Commonwealth,* 702 S.W.2d 37 (Ky.1985), *cert. denied,* 478 U.S. 1010, 106 S.Ct. 3311, 92 L.Ed.2d 724 (1986). In *Fraser v. Commonwealth,* 59 S.W.3d 448, 452 (Ky.2001) (citations omitted), the Supreme Court stated, "[a]fter the answer is filed, the trial judge shall determine whether the allegations in the motion can be resolved on the face of the record, in which event an evidentiary hearing is not required. A hearing is required if there is a material issue of fact that cannot be conclusively resolved, *i.e.,* conclusively proved or disproved, by an examination of the record."

In the present appeal, we do not need to reach the merits of Clark's appeal because we agree with the Commonwealth and the circuit court that Clark's motion was untimely filed more than three years after the sentence was entered. RCr 11.42(10) provides:

Any motion under this rule shall be filed within three years after the judgment becomes final, unless the motion alleges and the movant proves either:

(a) that the facts upon which the claim is predicated were unknown to the movant and could not have been ascertained by the exercise of due diligence; or

(b) that the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively.

If the judgment becomes final before the effective date of this rule, the time for filing the motion shall commence upon the effective date of this rule. If the motion qualifies under one of the foregoing exceptions to the three year time limit, the motion shall be filed within three years after the event establishing the exception occurred. Nothing in this section shall preclude the Commonwealth from relying upon the defense of laches to bar a motion upon the ground of unreasonable delay in filing when the delay has prejudiced the Commonwealth's opportunity to present relevant evidence to contradict or impeach the movant's evidence.

In *Carneal, supra,* the Supreme Court addressed the timeliness of an RCr 11.42 motion in the context of an 18–year–old hearing. Fourteen-year-old Carneal killed three and wounded five of his classmates in a 1997 school shooting using guns he had stolen from a friend's garage. In 1998, he entered an *Alford* plea of guilty but mentally ill to the charges, and he was sentenced to life without the possibility of parole for twenty-five years. When he turned 18 years old, a hearing was held, after which Carneal was transferred to corrections as an adult. He filed a post-conviction motion seeking relief through various rules, including RCr 11.42, exactly three years later on June 1, 2004. The circuit court denied the motion as untimely, but this Court held that the three-year limitations period set forth in RCr 11.42(10) did not start to run until the 18–year–old hearing was held in 2001. *Carneal,* 274 S.W.3d at 424–26. The Supreme Court accepted discretionary review and reversed this Court's holding on the timeliness of the RCr 11.42 motion.

In addressing whether Carneal's RCr 11.42 motion was timely, the Supreme Court noted that "we must identify when Carneal's sentencing judgment became final." *Id.* at 426. The Court went on to state:

"A final or appealable judgment is a final order adjudicating all the rights of all the parties in an action or proceeding, or a judgment made final under Rule 54.02." CR 54.01. "Final judgment in a criminal case means sentence. The sentence is the judgment." *Burton v. Stewart,* 549 U.S. 147, 156, 127 S.Ct. 793, 166 L.Ed.2d 628 (*quoting Berman v. United States,* 302 U.S. 211, 212, 58

S.Ct. 164, 82 L.Ed. 204 (1937)). Carneal was sentenced on December 16, 1998, as a youthful offender pursuant to KRS 635.020(4). At that point, all issues relating to Carneal's guilt and his sentence were adjudicated. Moreover, though Carneal entered an unconditional guilty plea, this order is a final and appealable judgment from which youthful offenders customarily file matter-of-right appeals. *See e.g. Murphy v. Commonwealth,* 50 S.W.3d 173 (Ky.2001); *Shepherd v. Commonwealth,* 251 S.W.3d 309 (Ky.2008).

*Carneal,* 274 S.W.3d at 427. Further explaining its holding that the three-year period began to run when the sentence was entered, the Court stated:

> The 18–year–old hearing is simply a "second look" at the manner in which the youthful offender is serving his sentence and provides the trial court the opportunity to consider alternative methods of fulfilling the sentence, other than simply transferring the youthful offender to adult corrections. Indeed, this Court has described the provisions of KRS 640.040 as "ameliorative." *Britt v. Commonwealth,* 965 S.W.2d 147, 149 (Ky.1998). It is not a "re-sentencing" procedure in the strict sense, as nothing in the language of KRS 640.040 renders the original sentence void.

> Furthermore, to declare a youthful offender's 18–year–old hearing the final judgment unduly restricts the juvenile's ability to collaterally attack the conviction in a timely manner. Conversely, such a rule would impair meaningful review, as the trial court would be required to consider matters germane only to the original sentencing up to three years *after* the 18–year–old hearing is complete. Indeed, the claims of error underlying Carneal's motion solely concern his original sentencing proceedings, yet were raised six years after he pled

guilty. Youthful offenders, in almost every procedural aspect, are treated as adult offenders: "If convicted in the Circuit Court, [the youthful offender] shall be subject to the same penalties as an adult offender [.]" KRS 635.020(4). It follows that they should enjoy the same rights as adult criminal defendants, including the ability to collaterally attack the sentence in a timely manner. *See Jefferson Cty. Dep't. for Human Services v. Carter,* 795 S.W.2d 59, 61 (Ky. 1990) ("If the juvenile court finds that an individual should be proceeded against as a 'youthful offender' the case is transferred to circuit court where all of the constitutional rights guaranteed to adults come into play").

> We hold that for purposes of post-conviction relief, a youthful offender's original sentencing order is a final judgment. Therefore, Carneal's RCr 11.42 motion is untimely, as it was filed more than three years after his sentencing.

*Carneal,* 274 S.W.3d at 428 (footnote omitted).

In the present case, Clark was sentenced to a probated twenty-year sentence on February 20, 2009, at which time all of the issues relating to his guilt and sentence were decided. Pursuant to the Supreme Court's holding in *Carneal,* Clark had three years from that date to seek RCr 11.42 relief. Clark did not seek such relief until August 8, 2014, more than three years after he had been sentenced, and he did not allege either of the exceptions included in RCr 11.42(10) to argue that the time period should have been tolled. Furthermore, the relief he sought was based on matters relating to attorney Nesbit's representation of him. We reject Clark's argument that the August 2013 order amending the judgment in one of Clark's cases had any effect on the running of the three-year period in which he

could have sought relief. This did not constitute a resentencing, as Clark argues. Therefore, we must hold that Clark's RCr 11.42 motion was not timely filed and that the trial court properly denied his motion on that basis.

For the foregoing reasons, the order of the Hopkins Circuit Court is affirmed.

ALL CONCUR.