RENDERED:  MARCH 10, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1318-MR

WATHANIEL L. WOODS                                              APPELLANT

v.
APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE ERIC JOSEPH HANER, JUDGE
ACTION NOS. 17-CR-002707 AND 17-CR-000935

COMMONWEALTH OF KENTUCKY                                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, DIXON, AND TAYLOR, JUDGES.

DIXON, JUDGE:  Wathaniel L. Woods appeals the denial of his motion to

reconsider the order denying his motion to extend the time to file his RCr[1] 11.42

---

[1]  Kentucky Rules of Criminal Procedure.

motion, entered by the Jefferson Circuit Court on September 14, 2021.[2]  Following

a careful review of the record, briefs, and law, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

On April 5, 2017, Wathaniel L. Woods was indicted for myriad

criminal offenses, including murder.  With the assistance of counsel, Woods

entered a guilty plea, which was accepted by the trial court.  On June 18, 2018, the

judgment of conviction was entered, and Woods was sentenced to 35 years in

prison.  The judgment became final ten days later, on June 28, 2018.

In late 2019, Woods – *pro se* – began reaching out to the Jefferson

Circuit Clerk and Commonwealth Attorney's Office to obtain copies of his

indictment, grand jury minutes, and hearing tapes/transcripts in preparation for his

appeal.  The clerk advised Woods that it could provide copies so long as Woods

paid for them,[3] but the Commonwealth Attorney's Office declined to provide the

documentation under KRS[4] 61.878(1)(h), and because the case had been finally

adjudicated.  In March 2020, Woods also contacted the trial judge seeking similar

---

[2]  Technically, Woods' appeal stems from the order denying his motion to extend time to file his RCr 11.42 motion.

[3]  The record contains no receipt of payment.

[4]  Kentucky Revised Statutes.

documentation, as well as the Louisville Metro Public Defender.[5]  In April 2020, Woods petitioned the trial court via a writ to compel the Commonwealth to produce the grand jury minutes.  Woods' writ was denied because the trial court had no jurisdiction to grant the relief sought.

In July 2021, Woods moved the trial court to extend the time to file an RCr 11.42 motion.  Woods claimed:  the courts were closed from March 14, 2020, to April 2021; he was quarantined for 30 days in November 2020; and his institution was "locked down" from October 2020 to February 2021.  The trial court denied Woods' motion because it was filed *after* the statute of limitations had expired *and* Woods failed to allege how the time allotted to file his motion was insufficient.  Woods moved the trial court to reconsider its order, but the motion was denied.  This appeal followed.

## STANDARD OF REVIEW

As established in *Bowling v. Commonwealth,* 80 S.W.3d 405, 411-12 (Ky. 2002):

> [t]he *Strickland* standard sets forth a two-prong test for ineffective assistance of counsel:
>
> > [f]irst, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning

---

[5]  Woods received a copy of his True Bill from the Louisville Metro Public Defender's Office on August 28, 2020.

as the "counsel" guaranteed by the Sixth
Amendment. Second, the defendant must
show that the deficient performance
prejudiced the defense. This requires
showing that counsel's errors were so
serious as to deprive the defendant of a fair
trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct.
2052, 2064, 80 L. Ed. 2d 674, 693 (1984).

Both *Strickland* prongs must be met before relief may be granted. In the instant

case, however, we need not determine whether Woods' counsel's performance was

ineffective because Woods filed neither a timely RCr 11.42 motion nor a timely

motion to extend the time to file an RCr 11.42 motion.

**LEGAL ANALYSIS**

On appeal, Woods argues he was denied access to resources and the

court during the COVID-19 pandemic and was given the runaround by the offices

of the Commonwealth when he sought to obtain documentation to file an RCr

11.42 motion. The court noted these difficulties did not prevent him from reaching

out to the court or the offices of the Commonwealth or vice versa, nor did these

difficulties prevent him from filing a motion requesting an extension to file an RCr

11.42 motion.

"Section 10 of RCr 11.42 imposes a three-year limitations period

'after the judgment becomes final' for filing motions under that rule." *Roach v.*

*Commonwealth*, 384 S.W.3d 131, 135 (Ky. 2012). Had Woods filed his motion to

-4-

extend the time for filing his RCr 11.42 motion one month earlier, he would have been within the statute of limitations.  Nevertheless, Woods has offered no valid reason why he failed to do so.[6]  Nor has he presented any reason to grant such an extraordinary request.[7]  In fact, Woods admits in his brief that "a good part of his time was wasted[.]"

---

[6]  In full, RCr 11.42(10) provides:

> Any motion under this rule shall be filed within three years after the judgment becomes final, unless the motion alleges and the movant proves either:
>
> (a) that the facts upon which the claim is predicated were unknown to the movant and could not have been ascertained by the exercise of due diligence; or
>
> (b) that the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively.
>
> If the judgment becomes final before the effective date of this rule, the time for filing the motion shall commence upon the effective date of this rule.  If the motion qualifies under one of the foregoing exceptions to the three year time limit, the motion shall be filed within three years after the event establishing the exception occurred.  Nothing in this section shall preclude the Commonwealth from relying upon the defense of laches to bar a motion upon the ground of unreasonable delay in filing when the delay has prejudiced the Commonwealth's opportunity to present relevant evidence to contradict or impeach the movant's evidence.

[7]  "Equitable tolling is used sparingly and only if two requirements are met.  First, the petitioner must establish that he has been pursuing his rights diligently.  And second, the petitioner must show that some extraordinary circumstance stood in his way and prevented timely filing." *Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012) (internal quotation marks and citations omitted).  "Generally, to qualify as extraordinary circumstances, the petitioner must show more than just his status as pro se or his limited access to a law library." *Id*. (internal quotation marks and citation omitted).

The trial court "lost jurisdiction over Appellant's case ten days after entry of the final judgment. *Silverburg v. Commonwealth*, 587 S.W.2d 241, 244 (Ky. 1979). As Appellant's motion was filed outside the three-year statute of limitations period mandated in RCr 11.42, it was insufficient to reinvested [sic] jurisdiction. *See e.g. Bowling*, *supra*." *Bush v. Commonwealth*, 236 S.W.3d 621, 623 (Ky. App. 2007). Woods' "motion was not timely filed and . . . the trial court properly denied his motion on that basis." *Clark v. Commonwealth*, 476 S.W.3d 895, 900 (Ky. App. 2015).

## CONCLUSION

Therefore, and for the forgoing reasons, the order entered by the Jefferson Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEF FOR APPELLANT:

Wathaniel L. Woods, *pro se*
Sandy Hook, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky